WILLIAM BARRY GROVE *v.* WILLIAM HARVEY and another.

Failure to serve citation of appeal in due time, will authorize the appellee to delay his answer until the expiration of the period allowed him by law, or, perhaps, to require a new citation, but not to demand the dismissal of the appeal.

APPEAL from the District Court of Madison, *Tenney*, J.

MARTIN, J. The defendant and appellee, Harvey, claims the dismissal of the appeal, on the following ground: that the appeal was granted on the 5th of September, 1841, and no appeal bond given until the 25th, and the citation only served on the 29th, but five days before the first Monday of October, the return day, although the appellee dwells in the parish of Madison, at the distance of one hundred and fifty miles from Alexandria, where the Supreme Court sits, when, according to law, the citation ought to have been served twenty-five days before the return day. The Code of Practice, article 583, requires that when there is not sufficient time between the granting of the appeal and the next term of the Supreme Court, the appeal shall be made returnable to the succeeding term. In the present case, there were more than twenty-five days between the 5th of September and the first Mon-

Grove v. Harvey and another.

day of October. Therefore, the appeal was correctly made returnable on the latter day.

It is true that the citation was not served until the 29th of September. The appellee may, indeed, complain that the citation was not served in due time; but this does not authorize him to demand the dismissal of the appeal, but only to delay his answer in this court until the expiration of the time allowed him by law, or perhaps to require a new citation; but this he has not done.

The plaintiff is appellant from a judgment dismissing the attachment by which he commenced the present suit. The dismissal of the attachment was asked on the ground, that the order authorizing it was a nullity, having been made on the 5th of February, 1840, while the affidavit and bond were not executed until the 24th and 25th of the same month. The authority of the attorney in fact who made the affidavit, and executed the bond for the plaintiff, was also denied. The plaintiff and appellant shows that, although the order for the attachment bears date the 5th of February, 1840, it was made after the petition and affidavit were filed, for the order is on the back of the petition. The affidavit bears date the 24th of February, and the bond the 25th.

It is more than probable that the order was made on the day following the filing of the petition, and on the day on which the bond was executed, and that the date of the 25th was intended, the figure 2 being, by a *lapsus calami,* omitted before the figure 5.

The plaintiff and appellant offered witnesses to prove the day on which the order was granted. The court having dissolved the attachment on the first ground, forbore to act on the second, and did not allow the plaintiff an opportunity of proving that the person who made the affidavit and executed the bond for him, had his authority to do so. In this, in our opinion, it erred. The plaintiff has an undoubted right to make such proof.

It is, therefore, ordered and decreed, that the judgment be annulled, and that the case be remanded for further proceedings according to law; the defendant and appellee paying the costs in this court.

*Bemiss,* for the appellant.

*Stacy,* contra.