## LEVI PIERCE *v.* THE CITY OF NEW ORLEANS.

An injunction may compel a party *to do* as well as to *restrain* him from doing.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Durant & Hornor,* for plaintiff. *J. J. Michel,* for defendant and appellant.

ILSLEY, J. A rule was taken by the plaintiff on the City of New Orleans, requiring it to show cause why it should not be enjoined and ordered to close up certain openings made by it in a wall held in common, adjacent to and in the rear of the plaintiff's dwelling-house and yard.

To this rule the defendant filed an exception, on the ground that the proceeding resorted to by the plaintiff is not one of those cases in which a summary remedy is expressly provided for by law.

The rule was made absolute, and the defendant was ordered to close up the openings in the wall referred to in the petition, and to restore the said wall to its original condition of a blank wall, during the pendency of the suit, upon plaintiff's giving bond in the sum of seven hundred and fifty dollars, conditioned as the law requires.

There is a sufficient showing in the plaintiff's petition to entitle him to the equitable interference of the Courts; but what we have to determine now is, whether pendente lite, and before a trial on the merits, an order should be granted directing the performance of, as well as the restraining from an act.

The courts of chancery in England have set the question at rest, where it was presented on motion. In the case of *Ryder* v. *Bentham,* 1 Ves. 142, Lord Hardwick, upon a motion for an order to pull down certain blinds, observed that he never knew an order to pull down any thing, on motion. Lord Thurlow, in a subsequent case, upon a motion to restrain a party from digging a ditch, and to compel him to put it in the same state in which it was before, refused the latter part of the motion. 1 Ves. Jr. 140.

So, in a subsequent case, *Lane* v. *Newedgate,* 10 Ves. 192, Lord Elder refused an order specifically to repair the banks of a canal, stop-gates and other works.

But in *McDonough* v. *Calloway*, reported in 7 Rob. p. 442, the doctrine is recognized, that an injunction may compel parties *to do* certain acts, as well as to *restrain* them from acting. That it is as effective to enforce a right as to prevent a wrong. It is true that, in the case just referred to, the nuisance complained of was rather of a public than a private nature; but from the whole tenor of the opinion pronounced in that case by the Court, it is evident that such a case as the one at bar would come, under the rules of law, within the scope of the principles therein enunciated. See Story on Equity Jurisprudence.

It would, we think, be difficult to suppose a case in which the equitable interference of a Court might be invoked with greater propriety than in this, in which the evil complained of, a nuisance affecting indefinitely the privacy of the plaintiff's family residence, may, in its immediate consequences, be so serious, as to be considered irreparable. 7 Rob. 442; 9 Mar. 519; 2 Rob. 342.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs.

HOWELL, J., recused.