No. 6545.

MARIE L. BEEBE VS. JAMES P. GUINAULT ET AL.

The service of citation of appeal before the filing of the appeal bond, is not ground
for dismissing the appeal.
The decree of the lower court granting. or refusing to grant an injunction, may be
suspensively appealed from.
The plea of *res adjudicata* will not be considered, on a motion to dismiss. It must
be referred to the merits.
A party applying for a writ of injunction, who has complied with all the conditions
prescribed by law for its issuance, has a right to it, and courts have no legal
power to refuse it.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*,
J.

*J. Q. A. Fellows* and *R. Shackelford*, for plaintiff and appellee.
*W. E. Murphy*, for defendant.

ON MOTION TO DISMISS.

The opinion of the court was delivered by ·

MANNING, C. J. The motion to dismiss is based upon several grounds;
1. That at the time of service of citation of appeal, no bond had been
filed.

It appears that the clerk issued the citation before the appeal bond
was filed. This would be a good reason for asking for time to make a.
new citation, but is not for a dismissal. Irregularities of that kind, not
imputable to the appellant, are not good cause for dismissing an appeal.
Ratliff vs. his Creditors, 14 La. 292. Comstock v. Paie 17 La. 515..
Grove v. Harvey 3 Rob. 271.

2. That no appeal lies from the exercise of discretion by the judge in
either granting or refusing an injunction.

It has long and often been held otherwise. This court will not inter-
fere by anticipation with the exercise of that discretion by the inferior
court, but it will revise the judgment in order to ascertain whether the
discretion has been properly exercised. In every case in which the law
leaves anything to the discretion of a court, a sound and legal discretion
is understood, and not an arbitrary one. Broussard v. Trahan 4 Mar-

tin 503, Sorrel v. St. Julien, Idem, 509, Girod's case, 18 La. 394. State ex rel. Bebee v. Judge of 6th. Dist. Court, Opinion book 45 p. 625.

3. That no suspensive appeal can be granted from a judgment on a rule *nisi.*

Appeals lie from final judgments. The judgment in this case refused the injunction. It will be difficult to find a judgment possessing a stronger element of finality than that.

4. That the executory process issued in this case was executed before an appeal was taken.

We find no evidence of such execution in the record.

5. That all the issues made in this appeal were made in another suit, and were passed upon by this court.

That is a matter to be heard on the trial, and determined thereafter, and cannot be a ground for dismissal.

The motion to dismiss cannot prevail.

———

The plaintiff applied to the lower court for an injunction, restraining the enforcement of an order of seizure and sale, alleging that she was under age when she executed the note and act of mortgage upon which the order was issued, and that the consideration of the note was not for her benefit, and that she was induced to execute them by the fraudulent representations of the defendant. These representations are then set forth in detail, and she made the required oath to the truth of her allegations.

An order was thereupon made by the judge, requiring the defendant to shew cause why the injunction should not be granted. Upon its trial the defendant's affidavit was permitted to be introduced in evidence, in which he denies the truth of the plaintiff's allegations, and sets forth with amplitude equal to her own his version of the causes of the litigation. Other testimony, offered by the defendant, was received, and upon considering the case as thus presented, the injunction was refused. The plaintiff appeals from this order or judgment.

The practice of issuing these rules *nisi* has become frequent, and is sanctioned by certain Rules adopted by the judges of the District courts of this city, which appear to have been generally acquiesced in. It would seem that some preliminary inquiry, assimilated in some degree to that prescribed by these rules, is both necessary and proper to be instituted, before a court should be required to order the issuance of a writ which inhibits a party from prosecuting an apparently just claim, and effectually and peremptorily clogs the advance of a creditor in its enforcement. Doubtless the necessity of such inquiry prompted the courts to attempt to provide the means for instituting it through the instrumen-.

tality of these rules, but the authority for such provision must emanate from a different source. The legislature alone can amend the Code of Practice, and it is to the articles of that code which treat of injunctions that we must look for guidance as to the prerequisites for obtaining them.

These prescribe that in order to obtain an injunction the party applying for it must present a petition to that effect to a competent judge, stating under oath the facts which, according to his belief, render an injunction necessary, annexing to his petition his obligation in favor of the defendant for such sum as the court may determine, with the surety of one good and solvent person residing within the jurisdiction of the court, to secure the payment of such damages as may be sustained by the defendant, in case it should be decided that the injunction had been wrongfully obtained. art. 304. Other articles have reference to specific circumstances under which the writ may issue, and provide for dispensation with the surety, and also accord to the party injoined the right to require proof in a summary manner of the truth of the facts upon which the writ is demanded. arts. 738—741.

If these requirements of the Code are complied with, the party applying for the writ is entitled to it as a matter of right. The penalty for obtaining it without sufficient cause is·prescribed in the same article that imposes the conditions under which it is to be obtained.

The writ of injunction has been invoked of late years with a frequency that requires discouragement, but in the present state of the law, the remedy for these invocations, when made on frivolous pretenses or for coveted delays, rests with the courts. And when the penalties shall have been rigorously enforced through the medium of judgments for damages which the Code not only allows, but commands, it will not require a very long series of examples to attest the determination of the tribunals to deter litigants from converting a conservatory process, which was intended to be a beneficent shield, into a weapon of obstruction and oppression. Therefore

It is ordered, adjudged, and decreed that the order and judgment of the lower court is avoided and reversed, and the cause is remanded to be proceeded with according to law, the defendant paying the costs of appeal.