## No. 9421.

### CITY OF NEW ORLEANS vs. GREAT SOUTHERN TELEPHONE AND TELEGRAPH COMPANY.

In cases not falling within those specially provided for in the Code of Practice, or other statute, as proper for the issuance of injunctions, but based on the general discretion vested in judges by Art. 303 to grant injunctions when necessary to prevent any injurious act, the application is addressed to the sound and legal discretion of the judge; and his refusal to grant a preliminary injunction will not be disturbed on appeal to this Court, unless we are clearly convinced that he has committed evident error. In this case we think his discretion was wisely exercised.

A PPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

*W. H. Rogers,* City Attorney, and *Branch K. Miller,* Assistant City Attorney, for Plaintiff and Appellant.

*Bayne & Denegre* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The argument in this case has taken a most unwarranted range, embracing the entire merits of an important and difficult controversy, while the only appeal before us is one from an order of the district judge refusing a prayer for a preliminary injunction.

Declining to follow the example of counsel, we shall carefully abstain from any discussion of the merits and restrict ourselves closely to the question before us.

The plaintiff's petition is based upon a city ordinance of December 11, 1883, which provided that "no poles for the supporting or use of wires for telegraph or telephone purposes shall be allowed to be erect-

ed, or any existing poles allowed to remain, in that portion of the city embraced by Jackson, Elysian Fields, Roman streets and the Mississippi river, except upon the payment of five dollars *per annum per pole* for every such pole erected or then in use within said portion of said city; said payments to be made annually in advance, and to commence January, 1884."

The petition alleges that at and prior to the date of said ordinance, the defendant had in use and has since maintained six hundred poles within the terms of its provisions; that, notwithstanding demand, the company had failed and refused to pay the $3000 due for said poles for the year 1885; that, without such payment it had no right to maintain such poles; and that to permit it to do so would inflict irreparable injury on the city. The prayer is for a preliminary injunction restraining the company from maintaining or using the poles until it shall pay said sum, and for a final judgment for the amount thereof and making the injunction perpetual.

After hearing the parties, on the face of the petition, the judge entered his order refusing the preliminary injunction.

Referring to the section of the Code of Practice regulating injunctions, we find that Articles 298 to 302, inclusive, prescribe particular cases in which the writ should be granted. This case obviously falls outside of those provisions.

Article 303 adds a general provision in these words: "Besides the cases above mentioned, courts of justice may grant injunctions in all other cases when it is necessary to preserve the property in dispute during the pendency of the action and to prevent one of the parties, during the continuance of the suit, from dilapidating the same or from doing some act injurious to the other party."

There is nothing here affecting the preservation or dilapidation of the property in dispute, and, therefore, this application, if it have any foundation, must rest on the final clause of Art. 303, authorizing injunctions to prevent one party "from doing some other act injurious to the other party."

We look in vain for any other provision of law authorizing an injunction in such a case as that presented in this petition, and have been referred to none.

It is not covered by sec. 21 of Act 7, of Ex. Sess. of 1870, authorizing the city to enjoin parties from pursuing business until they have paid their license, because it is admitted that the charge here involved is not a license tax.

State ex rel. Cittarotto vs. Judge.

Such an express provision was deemed necessary to authorize an injunction in that case, and in its absence no doubt it would have been unauthorized.

In the case of Beebe vs. Guinault, 29 Ann. 795, this Court held that a party applying for a writ of injunction, who has complied with all the conditions prescribed by law for its issuance, has a right to it and courts have no legal power to refuse it. But that *dictum* applies only to the particular cases in which the law has expressly directed that the writ should issue. It has no application to the general authority conferred on courts to enjoin injurious acts not embraced in those particular provisions. It is not every injurious act the prevention of which may be the fit office of an injunction; otherwise the prior specific provisions would have been superfluous. Under this clause of Art. 303, it is clear, therefore, that a discretion is vested in the judge to determine whether the injurious act set forth is one proper for the exercise of the remedy by injunction. This means, as was said in the case above quoted, "a sound legal discretion, and not an arbitrary one."

The question for us to solve in the present appeal is simply, whether in his refusal of the injunction the judge exercised a sound and legal discretion. Unless clearly convinced to the contrary, we should not interfere with such an order.

We are not so convinced. We are disposed to concur with the district judge that it is not a proper case for a preliminary injunction. The injury to the city consists, not in the maintenance and use of the poles, but in the failure to pay the charge claimed. It is a question of dispute concerning legal rights.

The *status quo* may well subsist undisturbed until that question is judicially settled, when it will be time enough to apply injunctive remedies if determined in favor of the city.

Judgment affirmed.