State ex rel. Jacobs vs. Judge.

No. 10,018.

THE STATE EX REL. J. W. JACOBS VS. THE JUDGE OF THE ELEVENTH
DISTRICT COURT, PARISH OF NATCHITOCHES.

*Mandamus* lies to compel a district judge to grant an injunction *in limine* to any purchaser
whose property is seized for the payment of the price of a thing sold to him, whenever
suit has been instituted against him, for the recovery of the property ; the more so
when, from the showing made, it appears that a judgment of eviction was rendered con.
tradictorily with the seizing creditor in favor of the plaintiff in revindication ; that the
judgment has been executed, and the debt has been partially extinguished.

In passing upon cases of this class the Court does not propose, in the least, to trench upon
the merits of the controversy, as it acts merely on the face of the papers, and as, dur¨
ing the trial, facts may be established and a standpoint taken which would justify ad-
verse conclusions.

A PPLICATION for Mandamus.

*Egan & Pierson* for the Relator.

*W. G. McDonald* and *E. E. Buckner* for the Respondent.

ON REHEARING.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a *mandamus*.

The relator complains that he has applied in vain to the district
judge for an injunction to arrest the sale of certain property seized
and advertised to satisfy part of the price of purchase, claimed by
Yale & Bowling to be due them, and that it was the duty of the dis-
trict judge to have granted his prayer.

He rests his demand on the averment that suit had been brought
against him by one Carter for the ownership of part of the property ;
that on notice to them of this suit, Yale & Bowling intervened therein
and that judgment was finally rendered in May, 1887, by the United
States Circuit Court for the western district of this State, in favor of
the plaintiff, Carter, evicting him, the relator, from the property
claimed.

The district judge declined the injunction, on the ground that the
same issues had been raised and adjudicated upon, adversely to the
relator, by a judgment of his court in the same case, which was
affirmed on appeal.   Reference is made to the suit of Jacobs vs. Yale
& Bowling.   39 Ann. 359.

There exists material differences between the first and the second in-
junction proceedings.

In the first case, the cause of action was apprehension of eviction, arising from the institution of the suit by Carter.

In the instant case, the cause of action, which did not exist when the first suit was brought, is actual eviction after judgment in favor of Carter.

In the first proceedings Carter was not a party and, from the showing made in the second proceedings by the plaintiff in injunction, it appears that Yale & Bowling made themselves parties to the suit in the federal court, by intervening therein, after notice had been given them, by Jacobs, of its institution.

In the case on which this Court passed and in which it had been alleged that Carter had brought before the United States Circuit Court an action to revindicate half of the property, it was held, as between Jacobs and Yale & Bowling only, that the threatened eviction of Jacobs in consequence of Carter's suit, was a fraudulent scheme, gotten up to enable him to resist the payment of the price of the property to Yale & Bowling. This decision was rendered in March, 1887.

It now appears that the suit to which allusion was made in that decision was determined in the same month and year by the federal court.

It is therefore apparent that while the judgment of the Eleventh Judicial District Court, affirmed on appeal, was in favor of Yale & Bowling, it did not conclude Carter, who was not a party to it; and, again, that, although Carter is not bound by that decision, Yale & Bowling are concluded by the federal adjudication.

Hence it is clear that what had been previously declared to be a fraudulent scheme was not subsequently decreed to be so, and that Jacobs, in consequence of this adjudication, is entitled to protection, the more so, as what he had at first conceived to be *threatened eviction* has turned to be, under his sworn averment here, an actual eviction.

If then it be true that Carter has obtained a judgment, binding on Yale & Bowling, which recognizes him as the owner of an undivided half of the property sold by the latter to Jacobs, and that he has evicted the latter therefrom, it is clear that Yale & Bowling have no right to enforce the payment of the whole price of sale by seizure of the property which they had sold Jacobs and of part of which Carter was judicially recognized the owner, and that Jacobs, not being bound for that entire price, has a right to arrest their proceedings and seek relief.

The Code is explicit that an injunction will issue on the application

of any purchaser whose property is seized for the payment of the price of a thing sold him, whenever suit has been instituted against him for the recovery of the property, and where the debt has been extinguished in some legal manner.   C. P. 298 § 9, 739 § 3.

The writ of Yale & Bowling issued for the balance due on Jacobs' notes, aggregating $3000, subject to a credit of $1300 and under it, the property was seized.

Jacobs does not seek to enjoin in order to obtain the nullity of the sale of the property, for he appears to be satisfied with owning an undivided half of it.

His purpose is simply to protect his half from sale for the payment of that portion of the notes which was the consideration for the purchase of the half recovered by Carter in the federal court, and which has been extinguished by the eviction mentioned.   In other words, he opposes the sale of his half to pay $1500, which he says he does not owe.

The law clearly allows an injunction to suspend payment of the price where danger of eviction is apprehended in consequence of a suit revindicating the property sold.  A fortiori does it allow that remedy where the suit has ripened into a judgment on execution of which partial eviction has taken place and the debt has been partially extinguished.   C. P. 739 § 3.

It has accordingly been held that an injunction lies against an order of seizure for the price of land of part of which the vendee has been evicted since the sale; also where want of consideration is pleaded, or where a claim in diminution of price for deficiency in quantity of land sold is set up.   17 L. 75, Banaux vs. Cazeaux; 7 L. 65, Greenwell vs. Roberts; 14 Ann. 868, Davis vs. Millaudon; 15 Ann. 689, Walker vs. Cucullu.

Otherwise Jacobs could have no standing to champion the rights of Carter.

Whatever the views be, which we have just expressed, we do not in the least propose to trench upon the merits of the controversy, as, during the trial, facts different from those which we assume to exist on the face of the papers, may be established, new issues may be raised, other standpoints taken, which may subvert that assumption and upturn the conclusions based upon it, however authorized our course may presently be under the circumstances and this sort of a proceeding.

We are simply of the opinion that Jacobs has made a sufficient show-

ing to entitle him to preliminary relief. R. C. C. 2557; C. P. 298 §9; 739 § 3; 36 Ann. 579; 38 Ann. 924.

The present judgment, by the formal consent of the district judge, becomes final on its rendition.

It is therefore ordered and decreed that the previous decree herein rendered be set aside and that a peremptory mandamus issue to the district judge directing him to grant the injunction *in limine* asked by the relator to arrest the sale of the undivided half, the title to which is undisputed, subject to the further order of his court on the merits of the cause, on plaintiff complying with legal requirements.

Watkins, J., recuses himself.