BREAUX, C. J.
Plaintiff complained of the inspector of police, who had his, plaintiff’s, photograph taken, and who was about, he said, to have it placed in the rogues’ gallery. He prayed to enjoin the defendant, inspector of police, and he averred damages in a sum over $2,000. He averred substantially that he is an old resident of the city, has a family, is engaged in legitimate business, pays his taxes, and leads an honest life.
The judge of the district court issued a rule nisi and directed the defendant to show cause why he should not be enjoined.
An exception was filed to the rule nisi, in which he (defendant) stated that he had placed the picture in the rogues’ gallery before plaintiff’s petition had been filed. and that he had forwarded copies to galleries in other states; that he was acting in the discharge of his duty as inspector of police; and that the civil district court had no jurisdiction to enjoin him while he was enforcing the criminal laws.
In case this was overruled, he alleged, in substance, that defendant had been convicted of felony and that his character was notoriously bad.
The question of jurisdiction vel non is the first which presents itself for decision.
The exception as relates to jurisdiction was properly overruled.
|^For the purpose of the hearing of this exception, the allegations of plaintiff’s petition for an injunction must be taken as true. They were not traversed in the original exception, and we conclude that the issues tendered in the original exception are those which the court passed upon in sustaining its jurisdiction^
The plaintiff, for .the said hearing, must be considered an honest man. We think that the publication of an innocent man’s photograph in the rogues’ gallery gives rise' to sufficient grounds to sustain an injunction.
There is a right in equity to protect a *254 person from such an invasion of private rights.
Every one who does not violate the law can insist upon being let alone (the right of privacy). In such a case the right of privacy is absolute.
It must be said that there is some limit to this right, which it is not necessary to discuss in this case. A person may be arrested, imprisoned, and acquitted, without right to.( damages. All of this is true, but it bears no application to the issue in hand. j
Where a person is not guilty, is honest (and that is the only light upon which to consider this case with the issues before us), he may obtain an injunction to prevent his photograph from being sent to the rogues’ gallery.
He has the personal right to the restraining order, at least for the time being.
The theory in opposition to this view is substantially that' the picture should be taken and exhibited for the public good.
There can be no public good subserved by taking the photograph of an honest man for the purpose before mentioned.
The court had jurisdiction to issue the preliminary injunction, and to malee it perpetual if the evidence justifies the decree.
The difficulty consists in the fact that there is no evidence before the court. Hone was offered. We have only the bare allegations before us, and not a scintilla of evidence to sustain them.
It follows that all the district court did was to assume that the allegations were true and that they set forth sufficient to warrant the issuance of an injunction.
There has been no final decision. The injunction is merely provisional.
It having been finally decided that the court has jurisdiction, under the present state of the case it will be tried on all the issues presented, and a decision arrived at that will permanently decide all the issues.
This cannot be done at this time.
The injunction is not strictly mandatory. If it were, under the jurisprudence of this state there are injunctions that have been sustained in exceptional cases, although slightly mandatory. The last utterance of this court was in State ex rel. Yale v. Judge, 41 La. Ann. 518, 6 South. 512, in which the court held that under the exceptional circumstances injunction had properly gone forth to slightly undo that which had been done. We insert a list of decisions, the weight of which sustain the injunction in hand, even if considered in the light of being slightly mandatory. We do not, we must say, concede that the injunction here is mandatory. McDonogh v. Calloway, 7 Rob. 442; Pierce v. City of New Orleans, 18 La. Ann. 242; Black v. Good Intent Towboat Co., 31 La. Ann. 497; State v. Judge Sixth Dist. Court, 32 La. Ann. 1276; City of New Orleans v. Great Southern Telephone & Telegraph Co., 37 La. Ann. 571; Beebe v. Guinault, 29 La. Ann. 795; State v. Young, 38 La. Ann. 923; State v. Judge of Eleventh Dist. Court, 40 La. Ann. 206, 3 South. 561.
Although mandamus may be the better practice from any point of view, we do not think that we should set aside the injunction on the ground urged on this particular point.
The purpose is so far as possible to restore the status quo ante litem (temporarily it may be).
The direction has gone to the defendant not to permit the photograph to be exhibited, fpr the time being at least. It must not be considered as part of the collection. The gallery will have a small space covered in some way in order to screen this photograph from view. The exhibition will be suspended and the distribution of copies stopped.
The provisional injunction is not an interruption to the administration of the criminal law. The defendant can certainly enforce all laws needful, without let or hindrance. There is on that score no ground for complaint.
*255 There are decisions of recent date on the subject of the “law of privacy,” especially Roberson v. Rochester Folding Bed (N. Y.) 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828.
Gentle young persons of the opposite sex have objected to the free use made of their pictures, and, objecting, have appealed to the courts.
The decisions to which it has given rise are lengthy and interesting. We have read them only to arrive at the conclusion that they are not germane to the subject to which we have here given attention.
The rule which issued in this case is recalled and discharged.
The remedy asked for at this time is not granted. The questions go to the hearing of the issues hereafter.