NICHOLLS, J.
The application for the writs herein is made by the applicant in his capacity as chief of police of the city of New Orleans.
He directs the court’s attention to section 9 of Act No. 32, p. 53, of 1904, which makes it the duty of that officer to prevent crimes, to detect and arrest criminals, to enforce and prevent the violation of all laws and ordinances in force in New Orleans, and for these purposes, with or without warrant, to arrest all persons guilty of violating any law or ordinance for the suppression or punishment of crime. He then and there declares that one Abraham Schulman, in the city of New Orleans, notoriously kept a store or shop for the buying and selling of secondhand goods and movables, and has habitually and constantly kept a “fence,” or place where thieves resort and found ready sale for stolen property and no questions asked, and has for several years habitually violated City Ordinance No. 6,G51, which was passed on August 30, 1892, for the purpose of preventing and suppressing “fences” and places where thieves could find ready sale for stolen property.
That he had been repeatedly and habitually guilty of feloniously, willfully receiving and having in his possession movable property that had been feloniously taken, stolen, and carried away from the lawful owner and possessor, he knowing it to have been stolen. That on the 16th of July, 1905, after a hearing had before E. K. Skinner, judge of the First city criminal court, he was sent before the criminal district court for the parish of Orleans on a charge of that kind preferred against him by Mrs. Raymond Fitch, which charge was pending before that court. That in the discharge of his duty and with probable cause and without malice, and for the sole purpose of preventing and suppressing crime, to wit, larceny and the receiving of stolen property knowing it to be stolen, he did cause the physical measurements of said Schulman and his photograph to be taken and placed in the “rogues’ gallery,” which is one of the well-recognized methods adopted by all police authorities in large cities for the preventing and suppressing of crime, and especially the crime of larceny and receiving stolen goods knowing them to have been stolen.
That on the 16th of August, said Schulman filed in the civil district court for the parish of Orleans a suit in which he alleged his own innocence and that relator had maliciously caused his physical measurements and photograph to be taken and exhibited in the rogues’ gallery, and prayed for an injunction enjoining relator from further exhibiting his photograph in the rogues’ gallery, in New Orleans or elsewhere, or in any way exhibit the same, and prayed for no damages; and as a rule nisi the said rule came before one of the judges of the civil district court to be heard. Whereupon relator filed a return to said rule, which was: First. That the petition disclosed no cause of action. Second. That the court had no jurisdiction or power in limine and before a hearing to issue an injunction enjoining the inspector of police in the discharge of his official duties, nor should a mandatory injunction issue until after a full trial on the merits. That, should the exceptions be overruled, then and in that event relator answered, pleading a general denial, set up the fact of his being the inspector of the police of the city of New Orleans, and declared that his duties as such were identical with those set out in his present application. That he then admitted that he had ordered the arrest of Schulman on a charge *329 of buying stolen goods, of having stolen goods in his possession, knowing them to be stolen, and that he had ordered his photograph and measurements to be taken, and his photograph put in the rogues’ gallery in New Orleans, where it still was, that being a well-recognized method of preventing and suppressing crime. That he set out in his answer the conditions and circumstances which were the basis and cause of his doing so, the same being identical with those which he averred in the present application for the writs.
That the district judge overruled the exceptions and reasons assigned, and ordered an injunction to issue against relator as prayed for on Schulman furnishing bond in the sum of $100.
That the civil district court had no jurisdiction in the premises or jurisdiction in limine and in advance of a hearing of evidence, on the ex parte affidavit of an habitual criminal averring his own innocence, to enjoin the inspector of police from using the customary methods of preventing and suppressing crime, and the district judge erred and exceeded his jurisdiction when he ordered the injunction to issue. In view of the premises he prayed that a writ of prohibition issue to Judge W. B. Sommerville, who had granted said injunction prohibiting him from proceeding further in the case of Schulman v. Whitaker, and that said writ be made perpetual. Should the court think that prohibition was not the proper remedy, he • prayed in the alternative that the court in the exercise of its supervisory powers would cause a writ of certiorari to issue, to the end that the injunction be vacated and set aside and be decreed to have been erroneously granted.
The district judge, in an answer to a rule upon him to show cause why relief should not be granted as prayed for, answered that such relief should not be granted for th» reason that Schulman, in his petition to the court, had made sufficient allegations in accordance with the Code of Practice for the issuance of a preliminary injunction and that a preliminary injunction has already been sent by him; that such action on his part was placed by law within his discretion and would not be reviewed by the Supreme Court on appeal.
Respondent then set out the allegations of Schulman on which the preliminary injunction was ordered to issue. He declared that on the hearing it was shown that Schulman was taken to the office of the inspector of police and placed in jail on July 5th. His picture and measurements were taken on July 6th, and on that day an affidavit was made against him for having stolen goods in his possession. He was arraigned and pleaded “not guilty.” The matter appears to have been taken under advisement on July 19th, and on August 8th the judge of the First city court, acting as a committing magistrate, committed Schulman to the criminal district court under a bond of $250, and the commitment appears to have been filed in the criminal district court on August 18th. There had been no conviction of Schulman of any crime up to the day that the rule before him was heard.
The judge submitted that the inspector of police was without authority to take the measurements and photograph of Schulman, for the' purposes as stated in Sehulman’s petition, before the trial and conviction of Sehulman, and that a preliminary injunction properly issued restraining him during the pend-ency of the suit from “further exhibiting” Schulman’s photograph in the so-called Rogues’ Gallery in the city of New Orleans or elsewhere, or otherwise in any way to exhibit the same.
It appears from the pleadings that the merits of the injunction have. not, as yet, been heard. The issues made are substantially the same as those submitted and recently decided by this court in the matter of Jacob Itzkovitch v. Edward Stanley Whitaker *330 (No. 15,804), In re Edward Stanley Whitaker, 39 South. 499,[2] applying for writs of prohibition and certiorari, and the decision in that case governs and controls the one now before us.
For the reasons therein stated, the rule which issued in the present case is recalled and discharged. The remedy asked for at this time is not granted. The questions go to the hearing of the issue hereafter.

 Ante, p. 479.