(41 South. 321.)

No. 16,101.

HANSON et al. v. POLICE JURY OF ST. MARY PARISH.

(May 7, 1906.    Rehearing Denied June 4, 1906.)

1. MANDAMUS—RIGHT TO APPEAL.
    Generally mandamus will not lie, if there is a right of appeal.
    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 9.]

2. SAME—ISSUANCE OF INJUNCTION—DISCRETION OF TRIAL JUDGE.
    Where the trial judge is vested with discretion as to whether he should issue an injunction, the appellate court will not assume jurisdiction in mandamus proceedings and direct him to set aside his order declining to issue the writ, nor compel him to issue an injunction.
    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, §§ 64, 81, 82.]

(Syllabus by the Court.)

Application of Edward A. Hanson and others for writs of certiorari, prohibition, and mandamus.    Writs denied.

D. Caffery & Son, Harry D. Smith, Charles Austin O'Niell, Martel & Martel, J. Clifford Brown, and Percy Saint, for relator. Respondent Judge ad hoc, pro se.    William K. Wilson, Dist. Atty., and Foster, Milling, Godchaux & Sanders, for respondent police jury.

BREAUX, C. J.    Plaintiffs, taxpayers and citizens of the parish of St. Mary, in these proceedings seek to obtain an order to compel the judge ad hoc of the district court to issue a writ of injunction on their petition, which they presented to the district judge and which he refused to grant, after having issued a rule nisi on the police jury to show cause why the writ should not be granted, and after the police jury had answered and showed cause to his satisfaction.

The purpose of the injunction, which relators sought to obtain, was to prevent the police jury from demolishing the present courthouse, and from erecting a new courthouse in its stead, at the proposed cost of

$115,000, and from issuing "certificates" for the work.

The present courthouse was built many years ago, but relators' contention is that it is to this day a good and substantial building and would answer every purpose if repaired; that there is no necessity for building another courthouse; that the parish of St. Mary can ill afford to meet the payment which would be required during each year; that funds are very much needed to pay the expenses of her schools and to maintain her public roads.

Relators aver, in substance, that the police jury proposes to pay $10,000 cash of the $115,000 in question to build this courthouse, and the balance it proposes to distribute in annual installments over a period of 10 years with 5 per cent. interest.

This is to be the consideration of the "certificates" before mentioned.

The complaint of plaintiffs is that the parish has not the cash in its treasury to pay the first installment of $10,000, and the police jury has no right to take that sum out of the revenue of 1906. The relators aver that the parish of St. Mary is not in a financial condition to build a courthouse at a cost of $115,000, because there was a deficit of $14,000 in its treasury at the beginning of the year, paid by the police jury borrowing the amount.

Relators specially complained that the police jury has not provided for the building of a courthouse under any contract; and also aver that the taxes by which the fund is to be acquired for the ensuing 10 years are not equal and uniform, in that they are to be collected from the parish only whilst the town of Franklin, in which the courthouse is to be built, will not pay anything; that the proposed issue of "certificates" to represent the amount before mentioned would be illegal on a number of grounds stated, and particularly because Act No. 32, p. 39, of 1902, under which the police jury has acted, is violative of articles 31 and 32 of the Constitution. It embraces in its title more than one object and is practically a new act under color of an amendment; that it contains provisions not germane to nor connected with that Act No. 30, p. 47, of Extra Session 1877 is the act which Act No. 32, p. 39, of 1902 the object of the act sought to be amended; seeks to amend.

Relators charge that the police jury has not advertised for bids to do the work at the lowest price; that the police jury has not entered into any contract at all, but has placed the matter in the hands of a "builder" (a word of relators' petition), who is to be the superintendent or overseer of the work; that the present courthouse has been purposely neglected in order to create an opportunity to build another courthouse.

The relators aver that their injury will be irreparable.

There were additional averments made by relators in a supplemental petition which was offered to be filed after the rule nisi had issued and the respondent in the case had answered, but which the court did not permit to be filed.

The judge ad hoc of the district court, appointed in the place of the judge who recused himself, reviewed the different issues presented and held that he had not found sufficient cause to issue the injunction, and declined to issue the writ.

Whether or not the police jury is authorized to make provision to construct a courthouse is the question pressed upon our attention at this time, which will only be considered hereafter on the merits, provided the case is brought up hereafter on the merits, and provided relators show that they have such interest as entitles them to stand in judgment. At this time and on this application for a mandamus and other writs, we are particularly concerned with relators' de-

mand addressed to the court asking that it direct the judge ad hoc to recall the judgment which he has heretofore rendered and direct him to enter, instead of that judgment, a judgment granting to relators a writ of injunction, restraining the police jury from proceeding further in carrying out the project to build a courthouse.

We are decidedly of the opinion that, in order to sustain such a judgment as relator asks for, it should appear beyond all question that those favorable to the public work in question will gain an advantage and, in some way, cause irreparable injury to relators.

We have not found anything of the kind here. The issues presented do not suggest that anything permanent will be accomplished in the building of a courthouse before the pending case will have been disposed of.

But be that as it may, there are other considerations that, in our view, are controlling.

A writ of mandamus will issue when, in the opinion of the court, it is of importance to fix the right of parties; the issues being before the court, and the court being able to act with some degree of certainty.

That is not the case here.

It has been settled by a number of well-considered decisions that mandamus will not be issued when there is other adequate remedy. It has also been frequently decided that mandamus will not issue to control the discretion of a court of original jurisdiction.

We have already stated substantially that there is no appearance of irreparable loss. The relators have a right of appeal. "The decree of the lower court, granting or refusing to grant an injunction, may be suspensively appealed from." Beebe v. Guinault, 29 La. Ann. 795.

Moreover, there is discretion. Not only the district court is vested with some discretion in the premises, but the police jury, also, in matter of the erection of a courthouse.

Now, it is elementary that mandamus will not issue to control an inferior court in matter of an injunction, when it is within the exercise of the discretion with which it is vested. It was within the power of the judge a quo to grant or to refuse the injunction.

Upon this point we have this to say: No one will seriously contend that this is an injunction to which the parties are entitled ex debito justiæ, and that all that was necessary was to offer papers drawn in required form and a bond in order to obtain it.

The application for an injunction here does not fall within that class of cases, but in the case before us it can only issue after the judge of original jurisdiction has exercised judgment as to whether he should issue it. In this instance, in the exercise of the judge's discretion, a rule nisi issued, and after hearing the court decided that no injunction should issue. In thus doing he was clearly within the plainest exercise of the discretion with which he is vested, guided by the facts and circumstances as he appreciated them.

It may be stated here that courts of justice, in the exercise of their discretion, are slow to grant injunctions, unless it is manifest that, if not granted, irreparable loss will be the result.

In mandamus proceedings in cases similar to the one here, the subject was extensively discussed in the following cases, and it was decided that mandamus should not issue when there was other remedy. State ex rel. Beebe v. Judge, 28 La. Ann. 905, 26 Am. Rep. 115; State v. Railroad Co., 37 La. Ann. 589; State ex rel. New Orleans v. Judge, 32 La. Ann. 549.

Our view also finds support in a well-considered decision of the United States Supreme Court, to wit, Ex parte Schwab, 98 U. S. 240, 25 L. Ed. 105.

In the first decision supra it was decided

that the party complaining had a right of appeal. In view of the fact that mandamus will not issue when parties have other remedy at hand, the court gave that as one of the reasons why mandamus should not issue.

But, recurring to the question of discretion, this court said, in New Orleans v. Telephone Company, 37 La. Ann. 571, quoting:

"We have held that. in cases arising under article 303 of the Code of Practice, the judge is vested with a legal discretion to grant or to refuse an injunction, which will not be interfered with unless his action be manifestly arbitrary."

And we insert the following here because it is illustrative of the cases in which the court of original jurisdiction has discretion, quoting:

"But, in the cases provided for by article 298 and others similar, the jurisprude ce is perfectly settled that the judge has no such discretion, but is bound to grant the application when made in conformity with the requirements of the law." State ex rel. Behan v. Judge, 32 La. Ann. 1276; Slaughter House Company v. Larrieux, 30 La. Ann. 799; State ex rel. Gaynor v. Judge, 38 La. Ann. 924; State ex rel. Jacobs v. Judge, 40 La. Ann. 206, 3 South. 561.

It scarcely need be said that the pending case is within the terms of the first case cited, and not within the terms of the last cited case.

The rule nisi is recalled and set aside. Relators' petition is dismissed, at their cost.

NICHOLLS, J., absent.