(92 South. 715)

No. 25339.

**BOLAND et al. v. COMPAGNO et al.**

**In re BOLAND.**

(June 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Mandamus ⬤⟁37 — Preliminary injunction against injurious act is discretionary, and court's action cannot be controlled unless discretion abused.**

On application for an injunction under Code Prac. art. 303, authorizing an injunction to prevent a party during continuance of the suit from doing some act injurious to the other party, a judge is vested with judicial discretion, and, unless there is an abuse thereof, the Supreme Court will not attempt to control his actions.

2. **Mandamus ⬤⟁37—Does not lie to compel grant of injunction against conduct of fruit stand in violation of ordinance.**

A suit for an injunction to restrain defendants from conducting a fruit, vegetable, and oyster stand near plaintiffs' property in violation of an ordinance was governed by Code Prac. art. 303, relative to injunctions against injurious acts, and the judge was vested with a discretion in refusing the preliminary writ, and, not having abused his discretion, mandamus will not be granted.

Dawkins, J., dissenting.

Suit by J. K. Boland and others against Charles Compagno and others. An injunction was denied, and plaintiffs apply for writs of mandamus and certiorari. Writ refused.

Henry, Cooper & Westerfield, of New Orleans, for relators.

Arthur Landry, of New Orleans, for respondent Compagno.

Ivy G. Kittredge, City Atty., and Rene A. Viosca, Asst. City Atty., both of New Orleans, amici curiæ.

By the WHOLE COURT.

LECHE, J. Plaintiffs in the above-entitled cause, relators in this proceeding, alleged, in substance, in a petition addressed to the civil district court, parish of Orleans, that they own and occupy as private residences property in which they have invested many thousands of dollars, situated on Carrollton avenue, in the city of New Orleans; that defendants began on March 3, 1922, to operate a fruit, vegetable, and oyster stand at No. 800 Carrollton avenue, corner of Maple street; that the operation of said business by defendants is in direct violation of an ordinance adopted by the commission council of the city of New Orleans on January 13, 1920, under the num-

ber 5645, and amended by the said commission council on February 3, 1920, by another ordinance under the number 5653, which ordinances are specially pleaded.

Plaintiffs further averred that said ordinance was adopted in the exercise of the police power of the city of New Orleans, specially conferred by Act No. 27 of the General Assembly of this state, approved June 18, 1918. They further averred that each and every one of the petitioners reside in the vicinity of Carrollton avenue and Maple street, and have a particular interest in the enforcement of the aforesaid ordinance of the city of New Orleans and the prevention of the continuance of the operation of the said oyster, fruit, and vegetable stand now conducted by defendants, and that the value of their property as private residences and homes, as well as its market value, will be depreciated if the said oyster, vegetable, and fruit stand is permitted to remain at its present location, No. 800 Carrollton avenue, corner of Maple street, and that petitioners will be damaged in an amount exceeding $3,000 to each of them by the operation of said business; that said business constitutes a nuisance per se; that the oyster shells are thrown into Maple street, where they are allowed to remain, to decompose, and emit foul, disagreeable, and nauseous odors, and to become a menace to the health and comfort of petitioners. Petitioners then prayed that a preliminary writ of injunction issue, and, after due hearing, that said injunction be perpetuated, with costs.·

The case was allotted to section A of the civil district court, and the judge of that division entered a rule nisi, which, after hearing, he discharged, and he then refused to grant the injunction prayed for.

[1] The acts which a person may be enjoined from committing, under our system of procedure, are grouped under articles 298, 300, 301, 302, and 303 of the Code of Practice. It has uniformly been held by this court that a litigant who alleges as a ground for a writ of injunction the actual or impending commission of any of the acts specified in the first four cited articles is entitled of right to the issuance of the writ. Such acts are usually denominated as statutory grounds, and the judge vested with jurisdiction over the application for the writ of injunction has no discretion, and is bound to grant the order. If he refuses, a mandamus will lie to compel him to do so. But, where a litigant applies for a writ under article 303, he is not always entitled to its issuance, for in that case the judge is vested with judicial discretion, and, unless there is an abuse of that discretion, this court will not attempt to control his actions. Hanson v. Police Jury, 116 La. 1080, 41 South. 321; State ex rel. Tranchina v. City of New Orleans, 141 La. 789, 75 South. 683; Mulling v. Jones et al., 142 La. 301, 76 South. 720.

[2] It is apparent from the allegations of plaintiffs' petition that the acts which they allege as grounds for the issuance of a writ of injunction are not those mentioned and specified in articles 298, 300, 301, or 302 of the Code of Practice, but that they are such acts as are defined generally in article 303 as "injurious." The judge was, then, in this instance, vested with discretion as to whether he should grant or refuse the preliminary writ. As it is not shown that he has abused that discretion, we see no reason to coerce him to sign the order of injunction. If, on the other hand, the judge has committed an error of judgment, such error can only be reviewed and corrected on appeal.

The writ applied for is therefore refused.

DAWKINS, J., dissents.