(97 South. 661)

No. 25540.

## BOLAND et al. v. COMPAGNO et al.

(July 11, 1923. Rehearing Denied Oct. 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Constitutional law** ⚞225(1) — **Municipal corporations** ⚞626—**Zoning ordinance held not to discriminate arbitrarily.**

Ordinance of city of New Orleans, excluding any business on particular street between designated cross streets, except drug store, boarding house, apartment house, hotel, or bank, *held* valid, and not to make arbitrary discrimination, or deny the equal protection of the laws.

On Application for Rehearing.

2. **Appeal and error** ⚞1175(7)—**Judgment not rendered on reversal of judgment refusing injunction.**

Where, in answer to rule to show cause why temporary injunction should not issue against business, claimed to violate zoning ordinance, defendant denied that ordinance applied because of previous use of his building, but the court denied injunction on sole ground that ordinance was ultra vires and invalid, the Supreme Court, in setting aside the judgment, cannot render final judgment under Code Prac. art. 905, but must remand case for further proceedings in view of article 895, providing that Supreme Court can only exercise jurisdiction so far as it shall have knowledge of matters argued or contested below.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by J. K. Boland and others against Charles Compagno and others. From a judgment refusing an injunction, plaintiffs appeal. Judgment annulled, and case remanded on rehearing.

Henry, Cooper & Westerfield, of New Orleans, for appellants.

Arthur Landry, of New Orleans, for appellees.

Henry W. Robinson, Ivy G. Kittredge, City Atty., and Rene A. Viosca, Asst. City Atty., all of New Orleans, amici curiæ.

O'NIELL, C. J. This is one of the cases in which a so-called zoning ordinance of the city of New Orleans is contested. The case is referred to in the opinion which we handed down today in State ex rel. Civello v. City of New Orleans (No. 25566) ante, p. 271, 97 South. 440.

The plaintiffs in this case own their residences, on Carrollton avenue, in the neighborhood of Maple street. The defendant Compagno owns property at the corner of Carrollton avenue and Maple street, where he has undertaken to establish and conduct a fruit and vegetable stand and an oyster counter. The establishment of any business (except a drug store, boarding house, apartment house, hotel, or bank) on Carrollton avenue between St. Charles avenue and Colapissa street, where Compagno's property is, is forbidden by Ordinance No. 5645, adopted January 13, 1920. As originally adopted, the ordinance excepted from the prohibition drug stores, boarding houses, apartment houses, and hotels, and by Ordinance No. 5867, adopted April 7, 1920, it was amended so as to except also banks.

Defendant contends that the ordinance is invalid for all of the reasons urged against the ordinance contested in the case of State ex rel. Civello v. City of New Orleans (No. 25-566) supra. And he contends that the dis-

crimination in favor of drug stores, boarding houses, apartment houses, hotels, and banks is an arbitrary discrimination against other business establishments, and therefore deprives the proprietors of such other establishments of the equal protection of the laws.

The civil district court adjudged the ordinance in this case invalid, and refused to issue an injunction. The plaintiffs have appealed, and the city attorney has taken part in the defense of the city's authority as amicus curiæ.

[1] For the reasons given in our opinion in Civello's Case, we maintain that the ordinance is a valid exercise of the police power. The argument that the exception made in favor of the proprietors of drug stores, boarding houses, apartment houses, hotels, and banks is an arbitrary discrimination in their favor and against the proprietors of other business establishments is not well founded. The exceptions may very well rest upon the favored establishments being not so objectionable as other business establishments, or may rest upon the necessity of having a drug store, boarding house, apartment house, hotel, and a branch bank in the neighborhood.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the defendant Charles Compagno shall be, and he is hereby, enjoined and restrained from conducting a fruit or vegetable or oyster shop, or any other business forbidden by Ordinance No. 5645, as amended by Ordinance No. 5867, at No. 800 Carrollton avenue, at the intersection of Maple street. The defendant is to pay the costs of this suit.

ROGERS, J., takes no part.

On Application for Rehearing.
By the WHOLE COURT.

PER CURIAM. [2] We have concluded that the defendant is right in his contention, made in his application for a rehearing, that this case should be remanded to the civil district court for further proceedings consistent with the opinion which we have rendered. The case has not been tried on its merits. In fact, it was not put at issue. The plaintiffs prayed for a temporary injunction, which the judge of the civil district court refused to grant. It was from his refusal to grant the injunction pendente lite that this appeal was taken. Before appealing, plaintiffs proceeded by mandamus to compel the granting of the preliminary injunction; but we ruled that, as the judge of the civil district court was invested with some discretion in the matter, he should not be compelled by mandamus to grant the writ. See Boland et al. v. Compagno et al., 152 La. 5, 92 South. 715.

In answer to the rule to show cause why a temporary injunction should not issue in this case, the defendant Compagno averred that his establishment, at the corner of Carrollton avenue and Maple street, was exempt from the Ordinance No. 5645 (amended by Ordinance No. 5867), because the building had been previously occupied and used for the business complained of, and had not "become vacant," in the meaning of the ordinance, as defendant averred. That defense was not submitted for decision, and, of course, was not considered by the judge of the civil district court. His ruling, refusing to issue an injunction pendente lite, was based upon the one proposition that the Ordinance No. 5645 (amended by Ordinance No. 5867) was ultra vires and invalid. That, of course, was the only matter submitted to this court for decision. Our decree, purporting to enjoin and restrain the defendant from conducting a fruit or vegetable or oyster business, or any other business, in violation of the Ordinance No. 5645 (amended by Ordinance No. 5867), was supposed to be rendered in compliance

with the provision in the Code of Practice (article 905), that, when the Supreme Court reverses the judgment of an inferior court, it shall pronounce the judgment which the lower court should have rendered, if it be in possession of the facts and testimony to enable it to pronounce definitively. The civil district court has not lost jurisdiction of this case on its merits. In fact, the case might have been put at issue and tried on its merits in the civil district court while the appeal from the judge's refusal to grant a preliminary injunction was pending in the Supreme Court. The judge awaited our ruling in the matter merely because the reason for which he had refused a preliminary injunction would have been a sufficient reason, in his opinion, for a judgment dismissing the suit finally.

If the decree which we have rendered in this case, purporting to grant an injunction, should be construed as a judgment on the merits of the case, or on any other question than the one which was decided by the judge of the civil district court, it would violate article 895 of the Code of Practice, which says that the Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below. Worse than that would be the denial of due process of law, if our decree should be construed as a final judgment on the merits of the case.

It is ordered that this case be remanded to the civil district court for further proceedings consistent with the opinion which we have rendered on the question of validity of the Ordinance No. 5645 (amended by Ordinance No. 5867), and, to that end, the judge of said court is authorized to proceed as if this court had done nothing more than set aside his order refusing a preliminary injunction for the one and only reason that, in his opinion, the ordinance referred to was invalid.