## CODIFER v. SHELL PETROLEUM CORPORATION.

### No. 14566.

Court of Appeal of Louisiana. Orleans.
March 13, 1933.

Frederic C. Querens, of New Orleans, for appellant.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellee.

JANVIER, Judge.

Appellee moves the dismissal of this appeal on the ground that citation of appeal was served less than fifteen days prior to the return day fixed in the order granting the appeal.

Article 583 of the Code of Practice requires that, where citation of appeal is necessary, service thereof must be made at least fifteen days prior to the return day.

The order of appeal was granted on February 8, 1933, and in it the return day was fixed as March 6, 1933. The appeal was taken at a term of court other than that at which the judgment appealed from was rendered. It was therefore necessary that a citation of appeal should issue.

As we have stated, where there is need of citation of appeal, there must be service thereof at least fifteen days prior to the return day. Service was had on February 27, 1933, less than fifteen days prior to the return day, March 6th. This was manifestly too late. When the return day was fixed, there was ample time for the timely service of the citation of appeal, and therefore no fault on that score can be found with the order granting the appeal. Nor can fault be charged to the clerk of court. He could not issue the citation until the order of appeal was filed with him, and, although the said order, as we have stated, was obtained on February 8, 1933, it was not filed with the clerk until February 23, 1933.

While it is true that the citation was not served until February 27th, which was the fourth day after the order of appeal was filed with the clerk, this additional delay, even assuming that it is chargeable to the clerk of court or to the sheriff, is of no importance, because, even had citation of appeal been served on the same day on which the order of appeal was filed (February 23, 1933), nevertheless that service would have been too late, since only ten days intervened between February 23, 1933, and March 6, 1933.

Counsel for appellant seeks to convince us that it is not mandatory that there be fifteen days between the service of citation and the return day, and that the purpose of article 583 of the Code of Practice is served if the appellee, after receiving the citation, still has reasonable time prior to the return day to take such proceedings as may seem advisable.

But we do not so view the law, and can find no authority holding that an appellate court has discretion in enforcing the said article or declaring that such court may permit substitution for the fifteen-day requirement of a shorter period, provided such shorter period appears to be reasonable.

Appellant also contends that, since an appellant may file the transcript in the appellate court prior to the return day, the fifteen-day period guaranteed to the appellee between the citation of appeal and the return day may be shortened by the action on the part of appellant, and the contention follows that, since this may be done, it cannot be sacramental that there be a fifteen-day period between the citation of appeal and the return day. But this argument overlooks the fact that the filing of the transcript prior to the return day does not change the return day, and that such action as may be taken by appellee, the time for the taking of which depends upon the return day, cannot be defeated by anticipation by appellant of the return day in filing the transcript. In other words, all delays which depend upon the return day cannot be shortened because appellant may file the transcript sooner than is necessary.

The appeal is dismissed, at the cost of appellant.

Motion to dismiss appeal sustained.