## MONETTI v. STANDARD OIL CO. OF LOUISIANA et al.

### No. 17337.

Court of Appeal of Louisiana. Orleans.

Jan. 9, 1940.

Dudley Yoedicke, of New Orleans, for appellant.

T. M. Milling, A. M. Curtis, and R. B. Jennings, all of New Orleans, for appellee.

McCALEB, Judge.

The Standard Oil Company of Louisiana, one of the appellees, has moved to dismiss this appeal on the ground that the appellant failed to have it served with a copy of the petition and citation of appeal 15 days prior to the return day of the appeal in this court.

On June 23, 1939, a judgment was rendered in the district court which dismissed the suit of appellant as against the appellee, Standard Oil Company of Louisiana. This judgment was signed on June 29, 1939. On October 19, 1939, at a subsequent term of the district court, the appellant filed a petition and obtained an order for a devolutive appeal which was made returnable to this court on November 17, 1939. The mover and other defendants in the lower court were made parties appellee to the appeal. On the same day upon which the order of appeal was granted (October 19, 1939), it was filed with the Clerk of the district court and citations of appeal were duly issued. The citation of appeal addressed to the appellee, Standard Oil Company, was not served by the civil sheriff until November 16, 1939, or one day prior to the return day of the appeal.

There is a substantial dispute between the appellant and the appellee concerning the reason why the citation of appeal was not served upon the latter until one day before the return day. It is the contention of the Standard Oil Company that the delay in serving the citation was due to the fault of the appellant. On the other hand, counsel for appellant states that the delay was caused by the neglect of the sheriff. Under these circumstances, it would ordinarily be proper to remand the matter for the taking of testimony on this point. Nevertheless, we find it unnecessary to remand the case because we are satisfied that the motion to dismiss the appeal may not be sustained even though it be conceded, for purposes of discussion, that the failure of the sheriff to make the service 15 days prior to the return day was due to the neglect of the appellant.

The motion to dismiss the appeal is based upon the provisions of Art. 583 of the Code of Practice, which reads as follows: "The appellee must be cited to appear before the court of appeal at its next term or return day for the parish, if there be sufficient time for doing so after allowing a delay of fifteen days from date of service of citation, or from the date of adjournment of court when the appeal has been granted in open court; and if there be no sufficient time to admit of the appellee having this delay, he shall be cited

to appear before the court of appeal at the subsequent term or return day."

It is the contention of the appellee that the foregoing provisions, with respect to the delay granted to it, are mandatory and that, in view of the fact that service of the ·citation was not. made upon it until one day prior to the return day, the appeal must be dismissed. Our decision in the case of Codifer v. Shell Petroleum Corp., 146 So. 733, is directed to our attention in support of the motion.

In the Codifer case, the order of appeal was granted on February 8, 1933, and the return date was fixed as March 6, 1933. The appeal was taken at a term of court other than that at which the judgment appealed from was rendered and it was therefore necessary that a citation of appeal should issue. Service of. the citation was made upon the appellee on February 27, 1933, or less than 15 days prior to the return day, March 6, 1933. We found that the delay in making service was chargeable to the appellant because, although the order of appeal was granted by the court on February 8, 1933, he did not file the ·order with the clerk of court until February 23, 1933, and that, even if prompt service had been made, it would have been too late to give the appellee the 15 days' delay as stipulated by Art. 583 of the Code of Practice. We also expressed the opinion that the provisions of the article were mandatory and that the failure of the appellant to have his adversary served at least 15 days prior to the return day was fatal to the appeal provided, of course, that the delay in causing service to be made was chargeable to the appellant.

There cannot be any doubt that the holding in the Codifer case is applicable to the facts presented here. But in spite of that decision, we feel compelled to deny the motion to dismiss forasmuch as we now find that the views expressed by us in that matter are in discord with those of the Supreme Court. In our search for authorities throwing light upon the interpretation to be given to the language employed in Art. 583 of the Code of Practice, we have discovered that, in the case of Grove v. Harvey, 3 Rob. 271, the Supreme Court had occasion to pass upon the identical question now · under consideration. In that matter, Harvey, the appellee, claimed the dismissal of the appeal on the ground that he had not been served with citation of appeal within the time required

by Art. 583 of the Code of Practice. It appeared that the appeal had been granted on September 5, 1841, and was returnable to the Supreme Court on the first Monday in October of that year. Service of citation was not made until September 29th or five days before the return day although there had been ample time from the date the order of appeal had been granted to have caused timely service to be made and thereby afford to the appellee the delay provided for by law. The Supreme Court, in. refusing to dismiss the appeal on the ground contended for, said:

"It is true that the citation was not served until the 29th of September. *The appellee may, indeed, complain that the citation was not served in due time; but this does not authorize him to demand the dismissal of the appeal, but only to delay his answer in this court until the expiration of the time allowed him by law, or perhaps to require a new citation; but this he has not done.*" (Italics ours)

It will be seen from the foregoing that the failure of the appellant to cause service of citation of appeal to be made upon the appellee not less than 15 days prior to the return day of the appeal is not a cause for the dismissal of the appeal provided the appellee has been served at any time prior to the return day and that, in such case, the appellee is merely given the right either to delay his answer in the appellate court until the expiration of the time allowed him by the codal article or to require a new citation of appeal.

The decision of the court in Grove v. Harvey, supra, fully covers the question presented in this case. It is quite apparent that, at the time we came to a contrary conclusion in the Codifer case, that decision was not directed to our attention as it is neither cited nor discussed in our opinion. It follows, therefore, that, since the result reached by us in the Codifer matter is in direct conflict with the views of the Supreme Court, we are obliged to overrule that case.

It is well to point out that the fact that Grove v. Harvey, supra, was decided prior to the amendment of Art. ·583 of the Code of Practice by Act No. 6 of 1896 does not afford a basis for distinguishing the matter from the Codifer case. The article, as it appeared in the Codes of Practice of 1825 and 1870, provided that "The appellee must be cited to appear before the court of appeal at its next term, if there be sufficient

time for doing so after allowing the same delay which is granted to defendants in ordinary suits; * * * ". In other words, Art. 180 of the Code of Practice was applicable to the delay granted and the appellee was required to be served with citation at least ten days or more (depending upon the distance of his residence from the place where court was held) before the return day of the appeal. The only substantial change in the article as amended by the Act of 1896 was to direct service of citation upon the appellee at least 15 days before the return day.

Since it appears in 'this case that the appellee was served with citation of the appeal prior to the return day, he may not demand the dismissal of the appeal on the ground that he has not been timely notified and his remedy is to either delay his answer in this court until the expiration of the time allowed him by Art. 583 of the Code of Practice or to require a new citation of appeal.

For the reasons assigned, the motion to dismiss the appeal is denied.

Motion to dismiss denied.