Alexander Maxwell, also Known as Alex Maxwell, Appellee, v. Timothy J. O'Connor, Individually and as Police Commissioner of City of Chicago, Appellant.

Gen. No. 46,167.

Opinion filed December 22, 1953. Released for publication February 19, 1954.

JOHN J. MORTIMER, Corporation Counsel, of City of Chicago, for appellant; L. LOUIS KARTON, Head of Appeals and Review Division, JOSEPH F. Fox, Assistant Corporation Counsel, A. A. PANTELIS, and WILLIAM J. KAFKA, all of Chicago, of counsel.

LOUIS T. HERZON, of Chicago, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by defendant from an order of the criminal court of Cook county, directing defendant to

return to petitioner all records, fingerprints, files, and other memoranda pertaining to two cases against plaintiff filed in the municipal court of Chicago, entitled *People, etc. v. Maxwell,* No. 49 MC 19158, and *People, etc. v. Maxwell,* No. 49 MC 29656. The proceeding was instituted to compel compliance with section 780e, chap. 38, Illinois Revised Statutes, 1951 [Jones Ill. Stats. Ann. 37.809], entitled, "Sheriffs and police officers to furnish finger prints to department." It is therein provided that it is the duty of the sheriffs and chief police officers of cities, villages and towns in Illinois to furnish to the Department of Public Safety copies of fingerprints of persons charged with certain types of crime. It is therein further provided as follows: "All photographs, finger prints or other records of identification so taken shall, upon the acquittal of the person charged with the crime, or upon his being released, without being convicted, be returned to him." Plaintiff was arrested on a charge of assault and carrying a concealed weapon. He was acquitted by the municipal court on both charges and he then filed his petition in the criminal court, which entered the order here involved.

The question with which we are confronted at the threshold of this case is whether the criminal court had jurisdiction. The sole basis upon which such jurisdiction can rest is that this is a criminal case, a quasi-criminal case or a civil case incident to a criminal or quasi-criminal matter over which the criminal court had jurisdiction. The two cases in question were not in the criminal court; none of the matters sought to be returned ever came under the jurisdiction of the criminal court, nor were they ever introduced in evidence in any proceeding in the criminal court.

██ The right under the statute which plaintiff seeks to enforce has been adjudged by the courts as

being more in the nature of a right of privacy. *Miller v. Gillespie,* 196 Mich. 423, 163 N. W. 22. In that case the court appeared to consider that a suit seeking to compel the Superintendent of Police to surrender statements and to destroy all books, blotters, statements, histories, and records of an arrest was properly brought in equity, but the relief was denied. In *Itzkovitch v. Whitaker,* 115 La. 479, 39 So. 499, the court held that an injunction could be obtained to prevent a photograph of an innocent person from being sent to the rogues' gallery. In *Schulman v. Whitaker,* 115 La. 628, 39 So. 737, the same relief was granted. Both these cases were treated as civil matters and tried in a civil court. We are not saying that under the statute this is a proper method of procedure. It is clear, however, that in any event the character of relief sought involves a civil right and that there is no basis for assumption of jurisdiction by the criminal court.

Petitioner refers to cases having to do with the return of property or papers seized for purposes of evidence. There, when the court suppresses evidence, it may properly direct a return. That has little or no relation to the instant case.

*Order reversed.*

Tuohy and Robson, JJ., concur.