## JEAN CHATARD v. THE CITY OF NEW ORLEANS.

It would be a prudent and proper practice in cases affecting the public health or convenience, or the enforcement of police regulations generally, that applicants for writs of injunction should be required, before the writ is granted, to establish contradictorily, at least a *prima facie* necessity for the protection of the writ.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Z. Latour*, for plaintiff and appellant. *J. Livingston*, for defendant.

LEA, J. The plaintiff in this case has succeeded in accomplishing the object for which the injunction was obtained. As lessee of the St. Mary's market, he has been permitted, under the cover of the writ issued herein, to enjoy without interruption, the revenues arising from the rent of the fruit stalls situated on the side walks at each end of the market, in violation of a city ordinance ordering their removal, which was passed several months before his rights as lessee were acquired. In the meantime, the public have been subjected, for nearly a year, to the inconvenience which it was the object of the ordinance to remove.

After the injunction had been obtained, a rule was taken by the defendant, to show cause why it should not be set aside and dissolved, on the grounds: 1st. That no cause sufficient in law was set forth in the petition to justify the order granting the writ; and, 2d, That the amount of the bond was insufficient, and the surety on the bond not good and solvent. The order of court upon which the writ was based, required a bond with good and solvent security, in the sum of $1,000. A bond for one-half of this sum was furnished, and thereupon the writ was issued. On the trial of the rule, no evidence was offered to prove that the surety on the bond was good even for this amount. The rule was made absolute, and the injunction dissolved. From this judgment, the plaintiff has taken a suspensive appeal.

It is unnecessary to inquire into the merits of that portion of the rule which may be considered in the nature of an exception. Upon the other grounds set forth in the rule, it is evident that there is no error in the judgment appealed from.

We think it would be a prudent and proper practice, in cases affecting the public health or convenience, or the enforcement of police regulations gene-

rally, that applicants for writs of injunction should be required, before the writ is granted, to establish contradictorily, at least a *prima facie* necessity for the protection of the writ.

Judgment affirmed, with costs.