No. 8862.

The New Orleans City Railroad Company vs. G. & J. McCloskey.

The evaluation of damages which would be sustained, in the event of the commission of a certain act, to prevent which an injunction is sought, is the evaluation of the right, the invasion of which is feared and which is the matter in dispute.

The value of the right of possession, use and enjoyment claimed in this case, being stated as exceeding one thousand dollars, this Court has jurisdiction of the suit.

A tenant, like the owner of enclaved property, has a right of way of ingress and egress to and from the spot leased.

An injunction does not lie to prevent the lessee from using a wagon for the conveyance of his goods and effects, where it is shown that such use is almost indispensable and does not prove injurious to the lessor or of others having a right otherwise to complain.

The case would be different should the lessee misuse or abuse the privilege.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot. J.

---

*Braughn, Buck & Dinkelspiel* for Plaintiff and Appellant.

*A. J. Murphy* and *B. McCloskey* for Defendants and Appellees.

Railroad Company vs. McCloskey.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The pith of the petition for an injunction in this case is, that the plaintiff is entitled to the exercise of certain rights, consisting in the possession, use and enjoyment of a certain pavilion and platform around it, at the Lake End, leased from the city, and that if defendants are allowed to drive their wagons across the same, the Company will sustain damages exceeding one thousand dollars.

The injunction was granted, and after trial was dissolved. From the judgment thus rendered an appeal was taken.

The defendants move to dismiss it because we have no jurisdiction over the cause, the matter in dispute not exceeding one thousand dollars.

It does not appear on the face of the petition that the rights claimed by the plaintiff are frivolous, or without some foundation.

The suit is brought by a corporation. The allegations are sworn to by the President of the Company. The proceedings are presumed to have been instituted with the authority of the board of directors.

The gravamen of the complaint is, that the exercise of a right of possession, use and enjoyment, which is valued at more than one thousand dollars, has been and is threatened to be interfered with illegally, and that the disturbance will entail damages in excess of that sum.

The value of the *right of possession* which is the matter in dispute, being clearly stated at more than the amount over which this Court has jurisdiction, it follows that the controversy is rightfully before it. 22 An. 272.

The motion to dismiss is refused.

---

## ON THE MERITS.

This is an injunction suit brought to prevent the defendants from driving their wagon across a platform, erected by plaintiff at West End on the lake shore near the city, to a certain pavilion put upon the platform and leased by the plaintiff to the defendants, for the purpose of keeping therein stands and other conveniences for the sale of soda water, mead, mineral waters and confectionery articles.

The complaint was that the defendants were making a wrongful and illegal use of the platform by driving thereon with their wagon, injuring the platform intrinsically and putting it in an improper condition.

The answer is substantially, that the defendants have a right of way to and from the pavilion; that for their purposes they need and are entitled to the use of a wagon; that they have used that right discreetly,

99

in no manner injurious to plaintiff's property or rights. They deny having put said platform in a filthy condition and aver that, on the contrary, they have maintained it in a clear and proper order.

From a judgment in favor of the defendants, and dissolving the injunction, the plaintiff appealed.

The evidence establishes the lease and the destination to which the building was to be put; also that the pavilion is situated at a distance of some two hundred and thirty feet from the edge of the road, and that there is no way of getting to it, unless across the platform. It appears that the platform, which is extensive, is of unusual solidity and strength, and is used by the Company itself for the purpose of carrying heavy cart loads; that there is on it a carousal or flying-horse arrangement, moved by horse power; that the platform resists most successfully the weight of thousands of persons walking or sitting upon it; that no damage has been done by the defendants' wagon to it; that they have always used it at seasonable hours for the necessary time for loading and unloading, incommoding or disturbing no one in the exercise of any right, and have never put it or allowed it to remain in an offensive condition, and that the use of a wagon is indispensable to them to carry their goods to and from the pavilion.

It is shown also, that the portion of the platform over which defendants drive their wagon, consists of the extreme edge of the same, made a passage way of some twenty-five feet, and is not occupied by visitors or used for any other special purpose.

The right of the defendants to a necessary and moderate use of the platform to reach the pavilion is indisputable. The consequent right of using a wagon as the fit and appropriate means of transportation of their goods is undeniable. Under the lease made to them by plaintiff, they are entitled to a *quasi* ownership of the property rented, and are protected by the provisions of Article 702 of the R. C. C., which declares : "that a passage must be furnished to the owner of the land surrounded by other lands, not only for himself and workmen, but for his animals, carts, instruments of agriculture and everything which may be necessary for the use and working of the land."

Had the plaintiff substantiated the grave charges which it has averred against the defendants, quite a different case would have been presented, but it has failed to do so. R. C. C. 2710.

The equitable remedy of injunction still remains to it, for protection against any unwarranted and injurious infraction of the rights which it certainly has to a *proper* use of the right of way, by the defendants, across the platform in question.

We find no error in the judgment appealed from, which is affirmed with costs.