Buddig vs. Baldwin.

---

## No. 9516.

HENRY BUDDIG vs. HENRY BALDWIN, SUPERINTENDENT.

The jurisdiction of this Court must be tested by the pecuniary amount in dispute, as shown by the pleadings, and as appearing from the nature of the action, and not by the jurisdictional allegations, or by the affidavit of the appellant.

The substantive allegations in the pleadings, not the alleged opinion of litigants, will be considered in all questions of jurisdiction.

No allegation and no affidavit can create an appealable amount of interest in a litigation which from its very nature and essence cannot involve a pecuniary amount in dispute equal to the lower limit of the jurisdiction of the Supreme Court.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

---

*Braughn, Buck, Dinkelspiel & Hart* for Plaintiff and Appellant.

*Farrar & Kruttschnitt* for Defendant and Appellee.

Buddig vs. Baldwin.

The opinion of the Court was delivered by

POCHÉ, J. This is an injunction suit, the chief object of which is to restrain the defendant, as superintendent of the New Canal and Basin, from removing from the banks of said canal, and storing elsewhere, a large quantity of lumber, about two million feet, at the expense of plaintiff, the owner thereof.

The gist of the complaint is the alleged unconstitutionality of Section 8 of Act No. 127 of 1880, which, in terms, authorizes and directs the proposed removal of the lumber by the superintendent.

Plaintiff has taken this appeal from a judgment which dissolved his injunction on motion, setting forth the reason that his petition did not disclose a sufficient cause of action to justify an injunction.

In his brief, appellee suggests our want of jurisdiction *ratione materiæ*, and we find nothing in the records on which to refute his proposition.

As already stated, the petition in this case contains no moneyed demand, hence the only pecuniary matter in dispute is the cost of removing and storing the lumber; and it is not even intimated in the pleadings that such costs could in any emergency amount to a sum exceeding two thousand dollars.

The pleadings contain no allegation of any possible damages as a result of the alleged unconstitutional attempt of the superintendent to remove plaintiff's pile of lumber.

Hence we are completely at a loss to conceive of the ground on which plaintiff can rest his allegation "that the forced removal of said lumber as threatened would cause him irreparable injury" (?) "and pecuniary loss in a sum exceeding one thousand dollars;" and the record affords no safer foundation for his affidavit, setting forth a pecuniary interest in this suit exceeding two thousand dollars. In the absence of any allegation on which to base any calculation of the pecuniary matter in dispute, we must say that plaintiff's swearing appears very reckless and rather hazardous.

We have on more than one occasion said: "The real amount in dispute, exclusive of interest, whenever the same can be legally ascertained from the pleadings and documents annexed, *and not the allegations of parties*, is to be the test of our jurisdiction and shall be our rule in determining all such questions." 32 Ann. 929, Wilkins vs. Gannt; 32 Ann. 1191, the case of Crean.

And when, later on, we were confronted by an affidavit intended to create a jurisdictional issue, but unsupported by substantive allegations disclosing an amount vesting this court with jurisdiction, we said:

Buddig vs. Baldwin.

"No allegation and no affidavit can create an appealable amount of interest in a litigation which, from its very nature and essence, presents an issue involving no pecuniary gain or loss to the parties in the suit." 34 Ann. 834, State ex rel. vs. Miscar.

The rule applies to cases like the present controversy, where it appears that, in a question of some legal importance, the only pecuniary amount possibly in dispute is a trifle when compared to the amount of the lower limit of our jurisdiction.

We are clearly without jurisdiction over the case; and it is plain that plaintiff has been mistaken in his choice of an appellate tribunal.

This appeal is therefore dismissed at appellant's cost.

### ON REHEARING.

A second examination of the question of jurisdiction in this case has confirmed our views as stated in our previous opinion.

As the petition contained no allegations on which the court could base a reasonable or possible calculation of the probable cost of removing the lumber in question, appellant now seeks to remedy the deficiency of his pleadings by alleging *in his brief* that such a removal would cost at least one dollar per thousand, and that the cost of storage must be added thereto, all of which is held out as a sufficient jurisdictional allegation.

But we understand the rule to require us to consider the record only in deciding a question of jurisdiction, and that no circumstances not covered by the pleadings can be invoked as an argument on such a question.

And we also understand the rule to require the appellant to show jurisdiction affirmatively.  City vs. Apken, 36 Ann. 419.

The rule has been construed as denying the right of establishing jurisdiction by means of an amended petition containing allegations tending to present an amount within the jurisdiction of this Court, when not apparent in the original petition.  March vs. McNeely, 36 Ann. 287.

In this case a strange feat is attempted by the appellant.

In the lower court he went to trial under a showing which restricted his pecuniary interest in the litigation to a sum exceeding *one thousand dollars*.  But on appeal he was bewildered in the choice of an appellate tribunal; hence he sought by an affidavit to enlarge his pleadings, and, like the rolling snow-ball, his possible loss of *one* thousand dollars was increased to a sum in excess of *two thousand dollars*.

We would have been justified, in reason as well as in law, to have entirely ignored that affidavit on the ground that it conflicted with the only jurisdictional allegation contained in the pleadings. But even that affidavit, when full effect is given to its meaning, was held and is insufficient to furnish any *data* on which our jurisdiction could be reasonably founded.

Hence, appellant has been driven by the necessities of his own case to resort to his brief as an attempted continuation of avowedly deficient pleadings, and we are now expected to consider the storage of the lumber as one of the elements which contribute to our jurisdiction of the cause.

But his jurisdictional allegation, which is transcribed in our original opinion, contains no reference to storage or the probable cost thereof. Hence the element of pecuniary interest cannot now be considered in determining the question of jurisdiction.

If the freedom and latitude which this appellant claims in the matter of jurisdictional allegations were allowed to all litigants whose desire may be to bring their appeals to this Court, it is difficult to conceive of a case in which, by an after treatment, the pleadings would not be strained in order to create a jurisdiction not originally contemplated, and manifestly not justified by the nature of the demand or the essence of the case.

This Court must be, as it has always been, solicitous to maintain and preserve the constitutional right of appeal; but it must be careful to restrict its powers as an appellate tribunal within constitutional limits.

We find no reason to justify a change of opinion in this case, which we had reopened with the sole view of giving an opportunity to appellant of arguing the question of jurisdiction, which had received no attention at his hands at the first hearing of the case.

It is therefore ordered that our previous decree remain undisturbed.