## No. 14,393.

### MRS. EMILIE JOHNSON VS. MISS LAURA HOSMER ET AL.

#### SYLLABUS.

An appeal will be dismissed where by eliminating a duplicated item of damages the demand is reduced to an amount below the lower limit of the jurisdiction of this court; or where the claim for damages is manifestly inflated, for the purpose of bringing the demand within the jurisdiction of this court.

APPEAL from Twenty-sixth Judicial District, Parish of St. Tammany—*Thompson, J.*

*Harvey E. Ellis* (*Benjamin Rice Forman,* of counsel), for Plaintiff, Appellant.

*Benjamin Moore Miller,* and *Scott Lee Williams,* for Defendants, Appellees.

The opinion of the court was delivered by

PROVOSTY, J.   Plaintiff sues to recover damages alleged to have been suffered by her in consequence of a certain injunction and sequestration suit brought against her by the defendants.   She alleges the damages suffered to have been the following:

"For attorney's fees for dissolving said writ, and in said cause .................................................. $100 00

"For damages due for the libellous, slanderous and injurious allegations and statements set out in the aforesaid petition of Miss Laura Hosmer and Frank W. Hosmer in the said cause ........................................................ 1000 00

"Damages for the illegal, unjustifiable, unwarranted issuance of the said writs of sequestration and injunction against petitioner ........................................................ 500 00

"Damages for mental worry, annoyance, trouble, loss of sleep and physical depression caused by aforesaid suits and writs therein issued ................................................ 500 00

Total .........................................................$2100 00

The plaintiff does not claim any part of these damages for injury to her property. She expressly alleges that she has had neither the ownership nor the possession of the property with reference to which the writs of injunction and sequestration were sued out. She points to her disassociations with the property as proof of the want of probable cause for bringing against her the suit complained of. The issuance of the writs, therefore, is not alleged to have injured her property, but only herself. Now, she claims, in the third item of damages, $500 for the damages caused to her by the wrongful issuance of the writs; and in the first and fourth items $100 and $500 for attorney's fees for dissolving the writs, and for mental worry, annoyance, trouble, loss of sleep and physical depression caused by aforesaid suits and writs therein issued. It is not possible to view these items one and four in any other light than as specifications of the damages going to make up the $500 claimed in item three. Evidently she claims the same thing twice; and as a consequence this court has not jurisdiction of the appeal; the elimination of either item will reduce the amount claimed below the lower limit of the jurisdiction of this court.

In the case of Buddig vs. Baldwin, 38th Ann. 394, this court said:—

"The real amount in dispute, exclusive of interest, whenever the same can be legally ascertained from the pleadings and documents annexed, *and not the allegations of parties,* is to be the test of our jurisdiction and shall be our rule in determining all such questions."

Furthermore, in looking into the evidence we find that the amount of the damages for the issuance of the writs has been exaggerated; presumably for the purpose of bringing the case within the jurisdiction of this court. In such case, it has been the invariable rule of this court to dismiss the appeal. Pinkney vs. Wolf, 41 Ann. 306; City vs. Calzo, 41 Ann. 1141; Block vs. Kearney, 43 Ann. 381; Curter vs. Addison, 44th Ann. 425; Lea vs. Orleans, 46 Ann. 1444; Wolf vs. Stewart, 48th Ann. 1431; Livert vs. Sharpe, 52 Ann. 599; Norwood vs. Windy, 105 La. 645.

It is therefore ordered, adjudged and decreed that this appeal be dismissed at the cost of the appellant in both courts.