(41 South. 647.)

No. 16,271.

MURPHY et al. v. POLICE JURY OF ST. MARY PARISH.

In re POLICE JURY OF ST. MARY PARISH.

(June 22, 1906. Rehearing Denied June 29, 1906.)

1. APPEAL — REFUSAL OF INJUNCTION — SUSPENSIVE APPEAL—EFFECT.

A suspensive appeal will lie from an order refusing to grant a preliminary injunction, but such an appeal will not suspend or postpone the trial of the cause on its merits. The legal effect of such an appeal, when no restraining order has issued, need not be determined.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 2209.]

2. COURTS—SUPERVISORY POWERS—EXERCISE.

The extraordinary supervisory powers of this court over inferior tribunals will not be exercised in such a case on the complaint of the defendant, showing no injury beyond the ordinary delays of litigation.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3530–3540.]

(Syllabus by the Court.)

Action by John Murphy and George D. Palfrey against the police jury of the parish of St. Mary. Judgment for defendants, and plaintiffs apply for certiorari, mandamus, and prohibition. Application dismissed.

See 41 South. 216.

Foster, Milling, Godchaux & Sanders, for relator. Respondent Judge ad hoc (D. Caffery & Son, Henry D. Smith, Percy Saint and Charles Austin O'Niell, of counsel), pro se.

LAND, J. Relators, John Murphy and George D. Palfrey, taxpayers of the parish of St. Mary, instituted a suit against the police jury of said parish for the purpose of enjoining said body from erecting a new courthouse on the same grounds set up in the case of the State ex rel. Edward A. Hanson et al. v. Jury of St. Mary Parish (No. 16,101; recently decided by this court) 41 South. 321, 116 La. 1080.

After hearing the parties on a rule nisi, the trial judge refused to grant the plaintiffs a preliminary injunction, and subsequently granted them a suspensive appeal from the judgment denying the relief sought.

The police jury, relator herein, complains that the action of the district judge in thus granting a suspensive appeal from his mere ex parte refusal to issue a preliminary injunction is without warrant of law, illegal, and oppressive.

We think that the relator is mistaken in this proposition.

In Beebe v. Guinault, 29 La. Ann. 795, this court held that a suspensive appeal lies from a judgment on a rule nisi refusing a preliminary injunction, saying:

"Appeals lie from final judgments. The judgment in this case refused the injunction.

"It will be difficult to find a judgment possessing a stronger element of finality than that." In State ex rel. Becker v. Judge, 31 La. Ann. 850, the court said this "is no longer an open question."

This dictum was cited and approved in the Hanson Case, supra, when we held in effect that the appropriate remedy was by appeal from the order refusing the injunction in limine litis.

Relator's apprehension that the appeal from the order refusing the preliminary writ in the instant case will suspend or postpone the trial of the cause on the merits is without any legal foundation.

The contrary was held in State ex rel. Butchers' Union v. Judge, 33 La. Ann. 436.

Relator pleaded other similar suits by other taxpayers as lites pendentes and res judicata. All the issues raised below can be reviewed on appeal, and there is no ground, beyond the mere ordinary delays of litigation, for invoking the extraordinary supervisory jurisdiction of this court. No restraining order was issued by the judge a quo.

What is the legal effect of a suspensive ap-

peal in such a case need not now be determined.

It is therefore ordered that relator's application be dismissed, with costs.