BREAUX, C. J.
This suit was instituted on the 18th of October, 1905.
The purpose of plaintiff in instituting it was to set aside a special election held in the First precinct of the Ninth Ward of the parish of Avoyelles.
On the petition of the property taxpayers, the police jury of the parish ordered a special election to determine whether a special tax of 10 mills for 10 years should be levied for the erection and maintenance of a high school at Cotton Port.
The election was held. The result was promulgated by the board of supervisors of the parish of Avoyelles on the 19th day of July, 1905, and it shows that 76 voters voted for the tax, 9 against. Five votes were rejected and thrown out from the count. The property valuation was $52,250 for, and $16,875 against.
The property valuation was ascertained by the board of commissioners in the manner that we will state hereafter.
The police jury, by a resolution, declared that the election had been carried in favor of the tax, and ordered the assessor of the parish to levy a 10-mills tax on all taxable property in the precinct of the Ninth Ward for 10 years, beginning with the year 1905.
There was an exception interposed by defendant on the ground of want of citation.
It was properly overruled. As citation had been waived by the defendant, there was very little ground for an exception.
Defendant also pleaded prescription of three months as a bar to plaintiffs’ action.
The brief of learned counsel for defendant is silent upon the subject.
We pass this exception with the single comment that three months had not elapsed since the result of the election had been promulgated, and in consequence there was. nothing upon which it was possible for the plea of prescription to stand.
We come to the first serious ground of attack levelled by plaintiff against the election.
We have before noted that the election was held in a precinct of the parish, and not in a school district. This is urged as an illegality.
The point is well taken. The Constitution and the laws germane thereto, as relates to this ground, do not authorize the imposition of a tax for schools in voting precincts. The law reads substantially that one-third of the property taxpayers of any parish, municipality, ward, or school district may petition the police jury or the municipal authorities to levy a special tax for the support of public: schools, or for the purpose of erecting and constructing public sehoolhouses, tire title of which shall be in the public. No mention was made of a school district in the ordinance calling the election.
It is the duty of the parish board and the parish superintendent to divide the parish into school districts of the proper area and shape. If the election be not held in a parish, municipality, or ward, it should be held in a school district. Precinct is not to be substituted for parish, municipality, ward, or school district. It cannot be taken for a school board district. One is distinct from *955 the other. Precinct is exclusively a parochial subdivision, while the other is a school board division.
If a special election can be held in a precinct, it can as well be held in a township or in any other division or area.
There is another objection fatal to the election.
Those who voted did not indicate, on their ballots, the value of the property they owned and which entitled them to be considered as property taxpayers.
The following indicates how the voting was conducted: “Official Ballot. For a special tax of ten mills for ten years; or against the tax” — indicating in each the place to be stamped as the voter chose. This was all that was needful as related to the numerical vote. As related to property, the voter indorsed his name on the ballot, to the end that after the election, on referring to his name on the assessment roll, the valuation of the property of the voter might be found, and its value computed.
The commissioners, at the close of the election, counted the number of votes, and referred to the assessment roll to ascertain the amount of property assessed to each voter.
We do not understand that this carries out the intention of the law. At the time of voting the voter should indicate the property he intends to vote. It should be properly indorsed on the ballot, and it should not be left to the commissioner, after the election, to ascertain the property intended.
We quote from the article of the Constitution:
“And the majority of the same, in number and in value, voting at such election shall have voted therefor.” Article 232.
The right to vote, as relates to property, is made to depend upon the property owned by the voter.
In compliance with the spirit of the law, the voter should, at the time he presents himself to vote, satisfy the commissioners regarding the amount of property he desires to vote. He should specify or cause to be specified on his ballot the property which he wishes to have counted as a part of his vote as a property taxpayer.
This, we think, is a prerequisite.
The decision in Bennett v. Staples, 110 La. Ann. 847, 34 South. 801, is pertinent to the issue here, and sustains the view that the amount should be fixed by reference to the assessment roll at the time he offers to vote.
We consider these grounds urged by plaintiff fatal to the election. In addition to the foregoing illegality, there were irregularities, to wit, the-resolution of the police jury ordering the election was published only once.
We understand that it should be published in the same manner as is provided for in judicial advertisements. Section 1, p. 44, Act No. 35 of 1886.
Another ground was that- the assessor was not properly directed to carry out the tax on his assessment roll.
This is the merest oversight which it is only necessary to mention in passing.
For reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed..