(44 South. 515.)

No. 16,728.

MANION & CO. et al. v. BOARD OF DIRECTORS OF PUBLIC SCHOOLS FOR PARISH OF ORLEANS.

In re CRESCENT FILTER & SPECIALTY CO.

(Aug. 8, 1907.)

MANDAMUS—WHEN LIES.

Where the district judge refused to grant a preliminary injunction, the remedy of the plaintiff is by appeal, and not by mandamus, except in cases where the issuance of the writ is made the statutory duty of the judge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 9, 81.]

Breaux, C. J., dissenting.

(Syllabus by the Court.)

Action by Manion & Co. and others against the board of directors of the public schools for the parish of Orleans. Judgment for defendants, and the Crescent Filter & Specialty Company applied for certiorari and mandamus. Denied.

H. M. & E. C. Ansley and George Montgomery, for applicant. Respondent Judge, in pro. per. St. Clair Adams, Asst. City Atty., and Samuel Louis Gilmore, City Atty., for respondent board of directors of the public schools for the parish of Orleans. Solomon Wolff, for respondent Ahrens & Ott Manufacturing Company.

LAND, J. Manion & Co., the Fairbanks Company, and the Crescent Filter & Specialty Company filed their suit in the civil district court for the parish of Orleans for the purpose of obtaining a decree declaring certain contracts for plumbing and filters made by the defendant board for the use of the public schools of the city of New Orleans to be ultra vires for want of competitive bidding, as required by section 8, p. 346, of Act No. 167 of 1904. The plaintiffs prayed for an injunction in limine to restrain the execution of said contracts during the pendency of the suit. The judge issued a rule nisi on the said application, and after hearing the parties refused to grant the preliminary injunction prayed for by the petitioners.

Relator alone has applied to this court for a writ of mandamus to compel the respondent judge to grant the injunction.

As the execution of the contracts in question affected the health and comfort of thousands of children who attend the public schools, the district judge properly required the plaintiffs to establish contradictorily

with the defendants at least a prima facie necessity for the writ. State ex rel. Lafitte v. Judge, 51 La. Ann. 1768, 26 South. 374; Chatard v. City, 10 La. Ann. 752.

After hearing the parties, the district judge, in an able and well-considered opinion, reviewed the case and declined to grant a preliminary injunction. The judge found that bids were solicited, and held that the statute did not require the board to advertise for bids. The judge considered and decided the issues presented to the best of his ability and understanding, and the plaintiffs have an undoubted right of appeal from the judgment refusing to grant the writ of injunction. See Murphy Case, 117 La. 355, 41 South. 647.

We have held in a number of cases that mandamus will not issue where there is a remedy by appeal. In Murat v. City of New Orleans, 44 South. 279,[1] recently decided, we took occasion to point out that even under our enlarged supervisory jurisdiction the writ of mandamus could not be substituted for an appeal, and would not lie in an appealable case save in cases of emergency and denial of justice.

The relator has no statutory right to an injunction and has a remedy by appeal. It is not suggested that the execution of the contracts sought to be enjoined will cause any pecuniary loss to the public schools or to the taxpayers, and it is not disputed that the work is necessary to the health and comfort of pupils and teachers. The objection of relator is purely formal, and, while the legal question raised is important, there is no such emergency disclosed as to induce the court to take up and decide the question in this summary form of proceeding.

It is therefore ordered that relator's application be dismissed, with costs.

For dissenting opinion of BREAUX, C. J., see 44 South. 516.

_____
[1]Ante, p. 505.