(48 South. 986.)

No. 17,302.

NICK v. BENSBERG.

(March 15, 1909.)

1. COURTS (§ 224*)—SUPREME COURT—JURISDICTION—JURISDICTION TO BE SHOWN BY RECORD—AMOUNT INVOLVED.

Jurisdiction must affirmatively appear from the record, and where it does not show that the amount involved, exceeds $2,000 the Supreme Court has no jurisdiction of the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608–618; Dec. Dig. § 224.*]

2. COURTS (§ 121*)—JURISDICTION—AMOUNT INVOLVED—FICTITIOUS CLAIM OF DAMAGES.

A fictitious claim of damages in a certain amount is not sufficient to give the court jurisdiction as of a case involving that amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–428; Dec. Dig. § 121.*]

3. COURTS (§ 39*)—JURISDICTION—AMOUNT INVOLVED—SWORN STATEMENT OF LITIGANT AS TO.

The jurisdiction of a court is not sustained by the mere sworn statement of a litigant as to the amount involved, where the circumstances of the case contradict him.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 39.*]

4. COURTS (§ 39*)—JURISDICTION—AMOUNT INVOLVED—DAMAGES SUFFERED AFTER INSTITUTION OF SUIT.

Damages suffered after the commencement of a suit, and hence not included in it, cannot serve as a basis for the court's jurisdiction as respects the amount involved.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 39.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice Ellis Edrington, Judge.

Action by Henry L. Nick against Robert Bensberg. Judgment for defendant, and plaintiff appeals. Cause transferred to the Court of Appeal under Acts 1904, p. 135, No. 56, provided plaintiff or his attorney make oath that appeal was not taken for delay; otherwise, appeal dismissed.

Frederick Anthony Middleton and Peter Stifft, for appellant. Alfred Elias Billings, for appellee.

PROVOSTY, J. Nothing shows that the amount involved in this suit exceeds $2,000. Hence this court has not jurisdiction of the case. Jurisdiction must affirmatively appear from the record. Slawson v. Meggett, 22 La. Ann. 272; R. R. Co. v. McCloskey, 35 La. Ann. 785; Baptist Church v. Dickinson, 52 La. Ann. 706, 27 South. 100; State ex rel. St. Romes v. Cotton Press, 22 La. Ann. 622; State ex rel. Hero v. Laresche, 24 La. Ann. 148; City v. Apken, 36 La. Ann. 419; Buddig v. Baldwin, 38 La. Ann. 396.

The action is possessory, and there is neither allegation nor proof of the value either of the property or of its possession; only a fictitious claim of $5,000 damages for disturbance of plaintiff's possession. That a

fictitious claim of damages does not sustain jurisdiction is familiar jurisprudence.

Plaintiff testifies in general terms that he has been damaged to the amount of $5,000; but jurisdiction is not sustained by the mere sworn opinion of the litigant as to the amount involved, where the circumstances of the case show differently. Buddig v. Baldwin, 38 La. Ann. 396.

The property in dispute is a strip of land about 20 feet wide, lying between Metairie road and Metairie bayou, in Jefferson parish, on the outskirts of this city. The farms of plaintiff and defendant lie on opposite sides of the bayou, facing each other, and are described in their titles as fronting on the bayou. The strip in dispute is on the same side of the bayou as defendant's farm, and therefore, according to the titles, forms part of defendant's land. Defendant has not taken possession of the entire strip along plaintiff's front, in such a way as to cut him off from access to the public road, but has left a lane.

In detailing the manner of his damage, plaintiff says that but for the disturbance he could probably have realized $25 to $35 more rent per month for his farm, and that the pendency of this litigation has caused him to lose two opportunities of selling his farm.

It will be observed that plaintiff does not say positively that he could have obtained this increased rent, but that he "probably" could have done so, clearly showing that his statement is mere conjecture; and conjecture can hardly serve as a basis for a court's action. But, even if the statement were made positively, it would not support the jurisdiction, since the time during which plaintiff would thus have been deprived of this increased rent would have been from the date of the disturbance to the termination of this suit; that is to say, from July 1906, to the present time, say, at outside figures, three years, at $35 per month, or $1,260.

The rent was $25 per month before the disturbance, and has continued at the same figure since. Twenty-five dollars per month increase would have meant an advance of 100 per cent. and $35 per month increase would have meant an advance of 140 per cent. In the absence of suggestion of any increase in the value of the property, this large advance would appear to us not only not probable, but, on the contrary, highly improbable. In fact, plaintiff's statement on the subject looks a good deal like pure exaggeration.

Not one cent of damages could be awarded on the evidence in the record. In fact, the impression we have of the matter is that no serious effort has been made to prove any.

The opportunities of sale in question occurred after the institution of this suit; hence the damages resulting from their loss were suffered after the institution of this suit, and, as a consequence, are not included in it, and, as a further consequence, cannot serve as a basis for jurisdiction.

The case, however, appears to involve more than $100, and the right of appeal is highly favored. We will, therefore, make the usual order for the transfer of the case. Thereby we do not mean to decide that the Court of Appeal has jurisdiction, but simply to afford plaintiff an opportunity to show jurisdiction by affidavit, leaving to the court to pass upon the question of its jurisdiction.

Agreeably to the provisions of act No. 56, p. 135, of 1904, it is therefore ordered, adjudged, and decreed that in the event that the appellant, or their attorney of record, make oath before the expiration of six judicial days from the day upon which this decree is handed down that the appeal herein was not taken for the purpose of delay, this cause be transferred to the Court of Appeal, parish of Orleans, to be there pro-

ceeded with according to law; otherwise, and in case such oath be not made as thus required, that the appeal herein be, and is hereby, dismissed. It is further ordered that the costs of this court be paid by the appellant.