LAND, J.
It appears from the petition for an injunction presented to the judge below that in 1906 E. A. O’Sullivan purchased certain real estate, partly on a credit represented by notes, from D. C. O’Malley, and that the act of mortgage given to secure the notes contained the pact of nonalienation; that O’Sullivan'in 1907 sold the same property to the Realty Company, Limited, of which he was president, on terms not stated; that the plaintiff, as holder of two of said notes proceeded by executory process against the said O’Sullivan individually; that said property was advertised for sale on September 3, 1910, and was adjudicated to one Paul Felix for the price of $12,500; that the property was not appraised according to law, because the notice to appoint an appraiser was not served on the said O’Sullivan until August 29, 1910, while the Code of Practice provides for 10 days’ notice before the date of sale; that O’Sullivan appointed no appraiser, and, if the sheriff appointed an appraiser to represent the said defendant, the said sheriff was without authority so to do.
On the face of the petition for injunction, it appears that the mortgage creditor, by virtue of the pact of nonalienation, had the right to ignore the sale to the relator, and to seize and sell the mortgaged premises after notice to the mortgagor. The only defect in the proceedings alleged by the relator is that timely notice to appoint an appraiser was not given to the mortgagor, who does not appear to have made any objections to the sale of. the property on that ground. The petition for injunction does not set forth the cash value of the property on the day of the sale, or any facts from which it appears that the price of $12,500 was less than two-thirds of said cash value. Whether or not the property was appraised does not appear from the allegations of the petition. Assuming that an appraisement should have been made, the sole complaint of the relator is that notice to appoint an appraiser was not served on the mortgagor full 10 days before the day of sale.
*182 The judge below refused to grant a Writ of injunction on the showing thus made by the relator.
The only question before us in this form of proceeding is whether it was the mandatory duty of the judge to grant the preliminary injunction prayed for by the relator. It has been held by this court in a number of cases that the duty of the judge to grant injunctions is not mandatory, except in the specific instances recited in articles 208-302 of the Code of Practice. See cases cited in Garland’s Code Prac. art. 298. The case here presented is not recited in any of said articles.
In conclusion we may remark that deficiencies in a petition for an injunction cannot be supplied by allegations in a petition for a mandamus.
It is therefore ordered that the rule to show cause be discharged, and that relator’s application be dismissed with costs.