PROVOSTY, J.
[1,2] By Act No. 49, p. 66, of 1906, political parties are required to make the nomination of their candidates by primary election. For state' officers this primary is required to be called by the state central committee of the party; for parish officers, by the parochial committee; and the two elections thus to be called are required to be held on the same day, and not less then 70 nor more than 90 days before the regular election.
The state central committee of the Democratic party having called a primary for January 25, 1916, to nominate candidates for the election to be held for state officers in April, 1916, the parochial committee of the same party in the parish of Orleans called a primary to be held on the same day to nominate candidates for said election for members of the hoard of assessors of said parish.
This action was made necessary by section 2 of Act 78, p. 123, of 1906, which requires the members of said board, seven in number, to be elected at the election held for state officers.
The election for the parochial officers of the parish of Orleans is held at a different time, and the members of said board are parochial officers. This led the constitutional convention of 1913 to provide (article 309) that the members of said board should be elected “at the same time as the parochial officers of the city of New Orleans.”
The sole question submitted for decision in the case is whether this provision of the Constitution of 1913 is valid.
The constitutional convention of 1913 was held in pursuance of the provisions of Act 1, p. 1, of Extra Session of 1913, entitled;
“An act providing for the submission to the people of a proposition to hold a convention, at a designated time and place, for the purpose of framing and putting into effect a new Constitution, to fix the powers of said convention, and to provide for the nomination and election of delegates thereto.”
Said act declared that the convention provided for by it—
“shall be and is hereby prohibited from enacting, ordaining, or framing any article or ordinance, * * *
“(c) Changing the provisions of existing laws touching, relating to, or in any manner affecting the following subjects:
“(1) Any public board or commission of the state or any political subdivision thereof.
“(6) Registration or elections.”
Said act provided that the form of the ballot to be used at the election to he held *223 on the question of holding the convention should be “for” or “against a constitutional convention in accordance with Act No. 1 of the Extraordinary Session of the General Assembly of 1913.”
There can be no question at all but that, by requiring the members of this board of assessors to be elected at the same time as the parish officers, the said constitutional convention changed the provisions of an existing law touching a public board and touching elections, and that by doing so it violated the prohibition placed upon it by said act. The question resolves itself, therefore, into whether the said prohibition was operative and binding.
That question was very fully considered by this court in the case of State v. American Sugar Refinery Co., 137 La. 407, 68 South. 742, and was decided in the affirmative; and we find no reason for changing the view then taken.
It is argued that the said prohibition went no further than to preclude such a change in a board or election as would affect the term of office of the officer. P.ut the language of said prohibition is too explicit to admit of this interpretation. The prohibition is against “affecting” boards or elections “in any manner.”
[3] It is next argued that, since the decision in the Sugar Refinery Case was handed down, an election has been held in this state on the question of holding a constitutional convention, and has resulted adversely, and that this has had the effect of ratifying the Constitution of 1913.
Suffice it to say that the ratifying or the not ratifying of the Constitution of 1913 was not considered at all in said election, and that ratification cannot result without an intention to ratify.
Judgment affirmed.
See dissenting opinion of O’NIELL, J., 70 South. 105.