MONROE, C. J.
This is an appeal from a judgment dismissing a rule nisi, requiring the railway and light company (hereafter called the company) and the commissioner of public *627 utilities of New Orleans to show cause why they should not be enjoined from changing the routing of certain of the street ears. Plaintiffs, of whom there are seven individuals and business corporations, appear as citizens and taxpayers, and complain that change has been made without legal authority, in disregard of the contract between the city and the company, and in violation of the Constitutions of the state and the United States, and they pray for an injunction, prohibitory and mandatory, restraining the parties named from changing or destroying the contract in question, restraining the company from operating the Peters avenue cars down Dryades street from Julia, as it is now doing, and commanding it to operate them as heretofore and in accordance with its franchise, from Dryades and Julia streets, out Julia to St. Charles, down St. Charles to Canal, out Canal to the river front, and back, on Canal street to Carondelet, and further commanding it to remove the switch, put in by it at Canal and Carondelet streets, and restore the Canal street pavement to its former condition.
Tire commissioner and the company move to dismiss the appeal, on the grounds that this court is without jurisdiction ratione materim, for this, to wit: That no ordinance has been declared unconstitutional, and the amount in dispute, and the interests of each of the plaintiffs, does not exceed $2,000; that plaintiffs have taken an appeal to the Court of Appeal, thereby abandoning this appeal ; that the appeal herein is from an interlocutory order which works no irreparable injury.
Considering the grounds thus stated, in inverse order as compared with the statement:
[1] 1. We find that, practically, the whole case was tried on the rule nisi, and the weight of the jurisprudence is to the effect that, where the entire relief sought is an injunction, and the writ is denied, after a hearing on rule nisi, the judgment must be regarded as final and appealable. Beebe v. Guinault, 29 La. Ann. 795; State ex rel. Becker v. Judge, 31 La. Ann. 850; State ex rel. Behan v. Judge, 32 La. Ann. 1276; Murphy v. Police Jury, 117 La. 355, 41 South. 647; Manion v. Board, 119 La. 879, 44 South. 515.
[2] 2. We have no other advice concerning the appeal to the Court of Appeal than the ex parte statement contained in the motion to dismiss, and do not feel at liberty to go outside of the transcript and take facts from the pleadings in this court.
[3] 3. It has frequently been held by this court that, where the appellate jurisdiction depends upon the amount involved, the question of amount will be determined by the circumstances disclosed by the records, rather than by the allegations of the litigants, and especially where there is no demand for a moneyed judgment. Wilkins v. Gantt, 32 La. Ann. 929; State ex rel. Police Jury v. Miscar, 34 La. Ann. 834; Buddig v. Baldwin, 38 La. Ann. 394; Pinckney v. Wolf, 41 La. Ann. 306;[1] Johnson v. Hosmer, 108 La. 697, 32 South. 961; Leury v. Baton Rouge C. Co., 117 La. 955, 42 South. 439; Schlemmer v. Howard, 120 La. 322, 45 South. 263; Nick v. Bensberg, 123 La. 351, 48 South. 986; Weis v. Board of Trade, 125 Da. 1010, 52 South. 130; Bloomfield V. Thompson, 133 La. 211, 62 South. 634.
In the instant case, plaintiffs pray for no moneyed judgment, and, although they allege that they are each interested to an extent exceeding $2,000, that allegation is not sustained by proof, nor do we think it susceptible of proof.
It is therefore ordered that this appeal be dismissed.

 6 South. 27.