(81 South. 741)

No. 23353.

WUNDERLICH et al. v. NEW ORLEANS RY. & LIGHT CO.

(March 31, 1919.    Rehearing Denied May 5, 1919.)

*(Syllabus by Editorial Staff.)*

CONSTITUTIONAL LAW ⛫8—POWER OF CONVENTION—SCOPE OF CALL—CONSTITUTIONAL AMENDMENT—COURTS OF APPEAL—JURISDICTION—"DUTIES OF ANY EXISTING OFFICER."

Under the call assembling the constitutional convention of 1913, prohibiting change of duties of any existing officer, the constitutional amendment giving the Courts of Appeal jurisdiction of all cases decided by the district courts involving less than $2,000 was prohibited, and hence is void.

O'Niell, J., dissenting.

Suit by Edward Wunderlich and others against the New Orleans Railway & Light Company. From a judgment of dismissal, plaintiffs appealed, both to the Supreme Court and to the Court of Appeal; the appeal to the Supreme Court being dismissed. Motion to dismiss the appeal to it was overruled by the Court of Appeal, and defendant applies to the Supreme Court to review the ruling. Writ of prohibition to the Court of Appeal made perpetual.

See, also, 143 La. 626, 79 South. 80.

Farrar, Goldberg & Dufour, of New Orleans, for applicant New Orleans Ry. & Light Co.

I. D. Moore, City Atty., and John F. C. Waldo, Asst. City Atty., both of New Orleans, for city of New Orleans.

Titche & Rogers and Victor L. Kiam, all of New Orleans, for respondents.

PROVOSTY, J.  The plaintiffs, seven in number, individuals and corporations, have joined in this suit to prevent the defendant street railroad company from discontinuing its car service on certain named streets and transferring the said service to other streets in this city.  They do not allege that they live on, or that their business is established on, the street or streets on which the car service is to be discontinued, but in their quality of citizens and taxpayers seem to be championing the rights of the citizens and taxpayers of the city in general.  Their suit was dismissed and they appealed both to this court and to the Court of Appeal.  The appeal to this court was dismissed, because the pecuniary interest of none of the plaintiffs amounted to $2,000, the lower limit of the jurisdiction of this court as regulated by amount in dispute.  The court said:

"Plaintiffs pray for no moneyed judgment, and, although they allege that they are each interested to an extent exceeding $2,000, that allegation is not sustained by proof, nor do we think it susceptible of proof."  143 La. 626, 79 South. 80.

In the Court of Appeal a motion was made to dismiss the appeal on this same ground. The court overruled the motion, for the reason that by an amendment to the Constitution, adopted by the constitutional convention of 1913, the Courts of Appeal are given jurisdiction of all cases decided by the district courts involving less than $2,000.  Defendant then filed application to this court to review that ruling, on the ground that the convention of 1913 was without authority to change the jurisdiction of courts, and that therefore the said provision changing the jurisdiction of the Court of Appeal was and is void.

This court has held that the said convention of 1913 was restricted by the call under which it was assembled in the subjects it might legislate upon, and was expressly prohibited to legislate upon certain subjects,

and that these restrictions and prohibitions were binding, and rendered null and void any and all legislation by said convention in disregard or violation of them. State of La. v. American Sugar Refining Co., 137 La. 407, 68 South. 742; Foley v. Parish Democratic Committee, 138 La. 220, 70 South. 104. Among the subjects thus prohibited was that of changing "the duties of any existing officer." The change of the jurisdiction of a court falls within that designation; hence said amendment is null, and the Court of Appeal is without jurisdiction of this case.

The writ of prohibition herein is therefore made perpetual.

O'NIELL, J., dissents for the reasons given in his dissenting opinion in Foley v. Democratic Committee, published in 70 South. 105.