No. 3380

Second Circuit

HARRIS ET ALS. v. GEO. W. SIGNOR TIE CO., LTD., ET ALS.

(July 7, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Injunction—Par. 55; Mandamus—Par. 22, 32.**

It being under Act 29 of 1924 within the discretion of the trial judge to grant or refuse a suspensive appeal from his ruling on the injunction proceeding it is necessary that facts be developed on the trial of the rule and in the application for writs of mandamus, certiorari and prohibition to show clearly why the trial court erred in refusing to grant a preliminary injunction.

Action by G. H. Harris et als. against Geo. W. Signor Tie Co., Ltd., et als.

On application for writs of mandamus, certiorari and prohibition.

Application refused.

W. M. Pollock, of Mansfield, attorney for relators.

WEBB, J. In this application relators allege that they filed suit against defendants and obtained a restraining order prohibiting defendants from cutting timber, but that on hearing of a rule issued to determine whether or not the order should be perpetuated and a temporary injunction issued, the restraining order was recalled and the temporary injunction refused, and that they had moved for a suspensive appeal, which was refused, and they now seek to have this court order a suspensive appeal to be granted, and to this end pray

for the issuance of preliminary writs of mandamus, prohibition and certiorari.

The right to the writs is urged upon the theory that the action sought to be restrained will cause an irreparable injury, and it is apparently urged that the trial court should have continued the restraining order in effect until the trial on the merits, by granting a suspensive appeal from the order recalling the restraining order, with such other orders as necessary, and that the trial court having refused to do so, this court should order the suspensive appeal to be granted, and if not, it should order the issuance of a temporary injunction under its supervisory jurisdiction.

Prior to Act No. 29 of 1924, courts of original jurisdiction were authorized to issue writs of injunction on the face of the petition without notice, of which power they were divested by the statute referred to, giving them, however, power to issue a restraining order prior to notice, where it was made to appear from the pleadings that immediate and irreparable injury would result before notice could be given, the validity or right to such restraining order to be tested on a preliminary hearing under a rule nisi.

The course thus provided by the statute appears to have been followed in the present instance, in which, on the trial of the rule nisi to test the right of the plaintiffs, relators here, to a preliminary injunction, the court recalled the restraining order, and the first question presented is whether or not the plaintiffs had the right to an appeal and to maintain the restraining order in effect pending the appeal.

In Barrow vs. Caffery, 161 La. 778, 109 So. 488, it was said:

"Act No. 29 of 1924 * * * had for its object the regulation of procedure and practice in the courts and the power of the courts to issue temporary restraining orders and preliminary writs of injunction. It is provided in said act that no writ of injunction shall be issued without notice to the opposite party and an opportunity given for hearing. That pending the hearing for a preliminary injunction the court may in its discretion issue a temporary restraining order against the defendant upon such bond as the court may fix.

"That upon a hearing where the restraining order is granted, refused, dissolved, or continued, no appeal shall be allowed therefrom."

And in Martel vs. Rovira, 164 La. 1099, 115 So. 283, it was said:

"It is very clear that under the act of 1924 no right of appeal exists from a mere order dissolving a restraining order, etc."

See also Magendie vs. Constable, 4 La. App. 718.

Under the ruling in the cases cited, we are of the opinion relators did not have the right to an appeal from the interlocutory decree recalling the restraining order; and the sole remaining question is whether or not the court was in error in refusing to grant the preliminary injunction.

The statute has not changed the law as to the conditions under which one should be granted an injunction to conserve one's rights pending trial, but the right to a preliminary injunction is in all cases made dependent on the facts developed or showing made on the trial of the rule nisi, and conceding that in all cases where the right to cut timber from the lands of another is at issue, the owner of land from which timber is being cut should be permitted to restrain such action pending the trial, in that the cutting of timber from lands may constitute an irreparable injury within the meaning of the law (De La Croix vs. Villere, 11 La. Ann. 39; State ex rel. Hake vs. Judge, 52 La. Ann. 103, 26 So. 769), it is necessary such fact be developed on trial of the rule, and in an

application for writs to correct an alleged error of the court in refusing to grant a preliminary injunction, it is necessary that the facts developed on the trial of the rule should be set forth, and should be such as to clearly show that an injunction should have issued (Manion & Co. vs. Board, 119 La. 879, 44 So. 515; Communy vs. O'Sullivan, 127 La. 179, 53 So. 484).

In the present application relators do not set forth the facts developed on the trial, and under such circumstances the presumption is that the facts developed were such as not to warrant the issuance of a preliminary writ of injunction and that the court properly recalled the restraining order, and therefore the application for preliminary writs of certiorari, prohibition and mandamus is refused.