McBRIDE, Judge.
Plaintiffs-appellees, three in number, move to dismiss this appeal on the ground that the amount involved is in excess of the $2,000 maximum jurisdictional amount of this court. Each of the plaintiffs owns and operates a barber shop; the defendant labor union assigned pickets to each plaintiff’s establishment, hence this suit for injunctive relief. In a supplemental petition, it is alleged that the business of each plaintiff, including the good will, is worth more than $3,000, and that unless the injunction issues against the acts of the defendants, plaintiffs will eventually suffer the loss of their businesses, or otherwise suffer irreparable loss in excess of $3,000.
After a hearing on the rule nisi issued to defendants to show cause why a preliminary injunction should not issue, the lower court rendered judgment authorizing the issuance of a preliminary injunction, from which the defendants have de-volutively appealed to this court.
To evaluate the damages which would be sustained in the event of the commission of a certain act which is *804 sought to be enjoined, is to evaluate the right, the invasion of which is feared, which is the matter in dispute. New Orleans City R. R. Co. v. McCloskey, 35 La. Ann. 784. Even though merely a civil right is involved, where the value of the right is susceptible of determination, the pecuniary value thereof fixes appellate jurisdiction in such cases. Frierson v. Cooper, 196 La. 450, 199 So. 388.
Where appellate jurisdiction is to be tested by the amount involved, the question of amount is to be determined by a resort to the record, rather than by the allegations of the litigants; courts will look into the record to ascertain the real amount in dispute. Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Wunderlich v. New Orleans Ry. & Light Co., 143 La. 626, 79 So. 80; Southland Inv. Co., Inc., v. Michel, La.App., 150 So. 581.
Plaintiff Danna did not place any valuation on his business, but estimated his loss, attributed to the picketing, at $10 a day; however, there is some discrepancy in his estimation. A comparison of his business for the first week of September (while the establishment was picketed) as against the first week in August (prior to the picketing) shows a difference of $24; for the second week of September as against the like week of August, the difference was $43; for the third week of September as compared with that week of August, the difference was $91. Danna employs one barber, who is paid a commission of 65 per cent, of the amount collected by him.
Twiggs valued his building at $20,000; one side is used as a barroom, which is unaffected by the picketing, and the other side is used for the barber shop and Twiggs’ residence. This plaintiff estimated his loss at $35 per week. He employs one man, who receives a 70 per cent, commission on the amount taken in through his efforts.
Crane rents the building in which his business is carried on; he does not estimate the present value of the business. In his employ are two barbers, to whom he pays 65 per cent, of their gross intake. He .fixed his loss at $10 per day as a result of the picketing.
There is no destruction or loss, or threat of destruction or loss, of the business of each plaintiff, nor can it be said that the plaintiffs have been prevented from carrying on their businesses. Therefore, no weight is to be accorded to the allegation that, unless the injunction issues, plaintiffs will eventually suffer the loss of their businesses. The amount involved in this suit must then depend upon the right of the plaintiffs to operate their businesses free and clear from the picketing imposed upon them by the defendants, and the amount must be measured 'by any loss caused to the plaintiffs by the picketing.
Nowhere do any of the plaintiffs show their pecuniary interests. It is not shown whether the decrease in receipts resulted from the picketing or from some other cause or causes, but we need not inquire into that circumstance. It is not made to appear from the record the net loss accruing to plaintiffs from the complained of actions of the defendants, and such is not ascertainable. We are not concerned with losses of gross receipts; rather, our concern, in endeavoring to establish whether we have jurisdiction, is the pecuniary loss suffered by the plaintiffs, which is, of course, their net loss of earnings. Nothing before us establishes with any degree of certainty what is the amount thereof, and we know of no formula by which we can compute it, reckoning from the gross receipts.
We do not know over what period of time this litigation would have to last before each plaintiff would be affected to the extent of $2,000, which is our maximum jurisdiction, and as this cannot be determined from the record, we must hold, for the purpose of determining appellate jurisdiction, that the amount involved, as to each plaintiff, is less than $2,000, and that this court has jurisdiction of the appeal.
We agree with the following language appearing in the case of S. S. Kresge Co. v. Amsler, 8 Cir., 99 F.2d 503, 507, cer- *805 tiorari denied 306 U.S. 64, 59 S.Ct. 582, 83 L.Ed. 1041:
“It is the value of the right which the petitioner seeks to protect against interference which measures the amount in controversy in such a suit as this.
“So here, the amount involved must be measured by the loss caused by the picketing.”
The motion to dismiss the appeal is denied.